1  Justin L. Allamano, State Bar No. 229764
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
2  Rincon Center II
   121 Spear St., Suite 200
3  San Francisco, California 94105-1582

4  Mitchell P. Brook, State Bar No. 172105
   Jeffrey D. Wexler, State Bar No. 132256
5  Andrea M. Kimball, State Bar No. 196485
   Michael J. Mancuso, State Bar No. 228669
6  LUCE, FORWARD, HAMILTON & SCRIPPS LLP
   11988 El Camino Real, Suite 200
7  San Diego, California 92130-2594
   Telephone No.: 858.720.6300
8  Fax No.: 858.720.6306
   E-Mail: mbrook@luce.com
9
   Attorneys for Instant Media Inc.
10

11                      UNITED STATES DISTRICT COURT
12                     NORTHERN DISTRICT OF CALIFORNIA
13                              SAN JOSE DIVISION
14

15 INSTANT MEDIA INC.,                Case No. C07 02639 EMC
16
17        Plaintiff,                  COMPLAINT FOR:
18 v.                                 (1) FEDERAL TRADEMARK
                                          INFRINGEMENT;
19 MICROSOFT CORPORATION,             (2) FEDERAL UNFAIR
                                          COMPETITION AND FALSE
20        Defendant.                      DESIGNATION OF ORIGIN;
                                      (3) CALIFORNIA TRADEMARK
21                                        INFRINGEMENT AND UNFAIR
                                          COMPETITION;
22                                    (4) COMMON LAW TRADEMARK
                                          INFRINGEMENT AND UNFAIR
23                                        COMPETITION;
                                      (5) UNJUST ENRICHMENT; AND
24                                    (6) MISAPPROPRIATION

25                                    DEMAND FOR JURY TRIAL

26                                                   BY FAX
27
28

                                      1                    Case No. _____
                                                           COMPLAINT

For its Complaint against defendant Microsoft Corporation, plaintiff Instant Media, Inc. states and alleges the following:

## THE PARTIES

1. Plaintiff Instant Media Inc. ("Instant Media") is a Delaware corporation with its principal place of business at 1032 Elwell Court, Suite 220, Palo Alto, California. Instant Media develops and offers to the public software for Internet communication, such as Internet-transmitted television, and other communication content, and also develops distribution campaigns for others.

2. Instant Media is informed and believes, and on that basis alleges that defendant Microsoft Corporation ("Microsoft") is a Washington corporation having its principal place of business in Redmond, Washington.

## NATURE OF THE ACTION

3. This is an action for damages and injunctive relief against defendant Microsoft for trademark infringement, unfair competition, unjust enrichment and misappropriation.

4. This action arises out of defendant Microsoft's use, in connection with software and on-line promotional campaigns for others, of the designation **I'M**, which is identical to and likely to be confused with plaintiff Instant Media's family of **I'M**® trademarks, which includes the federally registered **I'M**® trademark, pending applications and other common law trademarks (collectively referred to herein as the **I'M**® family of trademarks" or **I'M**® Marks"). Microsoft's use of the designation **I'M,** as used herein, is in violation of the Lanham Act (15 U.S.C. §§ 1051-1127), the California Business & Professions Code (including §§ 14335, 17200 *et seq.* and 17500 *et seq.*), and the common law.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1395 because defendant Microsoft does business in this district and offers goods and services in this district under a designation that infringes Instant Media's trademarks, and on information and belief, has a place of business in this district.

7. In addition, venue is proper in this district because Instant Media has suffered harm in that confusion among the consuming public has occurred, and is likely to occur, in this district, thereby damaging the value of Instant Media's trademarks.

8. This Court has personal jurisdiction over defendant Microsoft, who resides and/or does business in California.

## INTRADISTRICT ASSIGNMENT

9. Assignment in San Jose is proper because this is an Intellectual Property Action for purposes of Civil L.R. 3-2(c), and, thus, is subject to assignment on a district-wide basis.

## INSTANT MEDIA'S BUSINESS AND TRADEMARKS

10. Instant Media develops software and provides Internet media content delivery, which it makes available to the public and its business partners using the **I'M**® family of marks. Instant Media also operates the website IM.com. Instant Media has used the **I'M**® trademarks since at least as early as 2004. Among the **I'M**® software that is presently distributed is a client-side program that can be downloaded by consumers and installed on their computers to assist with Internet communication and reception of communication data from remote sources via the Internet.

11. Instant Media is the owner of a trademark registration and has several allowed and pending trademark applications with the United States Patent and Trademark Office ("PTO"), including:

   a. Reg. No. 3,149,552 registered September 26, 2006, based on an application filed May 10, 2004, for "**I'M**" in international class

35 for electronic retailing services via the Internet and other electronic communications networks, featuring general consumer merchandise, music, movies and related merchandise; developing on-line promotional campaigns for others in the field of entertainment (the "'552 registration").

b. Application No. 78/416,026 filed May 10, 2004 and allowed August 2, 2005, for "I'M CACHED" in international class 9 for software for receiving, transmitting, extracting, encoding, decoding, storing, organizing, viewing and outputting audio, video and audiovisual data; software for providing Internet access; and software for conducting commercial transactions, namely computer e-commerce software to allow users to perform electronic business transactions via a global computer network.

c. Application No. 78/919,227, filed June 28, 2006, for "I'M" in international class 9 having presently pending description of goods including software for receiving, accessing, extracting, encoding, decoding, storing, organizing, managing, viewing and outputting audio, video and audiovisual data; software for subscribing to news, information, audio, video and audiovisual programs, and news feeds for use by subscribers; software for providing access to the Internet; software implementing Internet Protocol television, television and movie subscription services; software for conducting commercial transactions, namely computer e-commerce software to allow users to perform electronic financial and retail business transactions via a global computer network.

d. Application No. 78/415,999, filed May 10, 2004 and allowed July 4, 2006, for "I'M" in a circle in international class 35 for electronic retailing services via the Internet and other electronic

communications networks, featuring general consumer merchandise, music, movies and related merchandise; developing on-line promotional campaigns for others in the field of entertainment.

  e. Application No. 78/772,600, filed December 13, 2005 and published by the PTO for opposition, for "**I'M INTERESTED**" in international classes 35 and 38 for electronic retailing services via the Internet and other electronic communications networks, featuring general consumer merchandise, namely, downloadable video and audio, and multimedia works; downloadable advertising or infomercial content; electronic devices; and, video and computer games; developing on-line promotional campaigns for others in the field of entertainment; advertising referral services; general business and consumer referral services, namely, promoting the goods and services of others by displaying advertising on an Internet website and providing consumer response information to advertisers; providing a business networking and referral website and database for facilitating business and sales introductions, referrals, discounts, and advertising; streaming of video, audio, multimedia works, advertising and infomercial content.

  f. Application No. 78/884,064, filed May 15, 2006 for "**I'M INTERACTIVE**" which has been approved for publication by the PTO in international class 35 for electronic retail store services via the Internet and other electronic communications networks, featuring streamed and downloadable video and audio and multimedia works, streamed or downloadable advertising or infomercial content, consumer electronic device, and, video and computer games; developing on-line promotional campaigns for others in the field of entertainment namely, Internet video, Internet TV; advertising referral services; general

business and consumer referral services, namely, promoting the goods and services of others by displaying advertising on an Internet website and providing consumer response information to advertisers; providing a business networking and referral website and database for facilitating business and sales introductions, referrals, discounts, advertising among individuals and businesses.

12. Instant Media has used and is currently using the aforementioned **I'M**® trademarks, and others. One or more of the **I'M**® trademarks has been continuously used by Inter Media since at least as early as 2004. Instant Media has created a recognizable brand usage on its website featuring **I'M**® alone, **I'M**® in a circle, and **I'M**® in conjunction with other words – combined with a motion display of the trademarks on the screen, which allows consumers to scroll amongst the marks and slogans – such as "I'M INSTANT MEDIA" … "I'M PROUD" … "I'M CONNECTED" … "I'M SURFING" … "I'M THINKING" … "I'M HD" … "I'M COOL" … "I'M UPGRADING" … "I'M REAL."

13. Instant Media has expended considerable time, resources and effort in promoting the **I'M**® family of trademarks and developing substantial goodwill associated therewith. For example, Instant Media has expended considerable resources and effort on advertising on television and the Internet.

## MICROSOFT'S UNLAWFUL CONDUCT

14. Defendant Microsoft has begun to market and widely distribute software via a new branding and promotional campaign under the designation **I'M**. The **I'M** software distributed by Microsoft is a client-side program that can be downloaded by consumers and installed on their computers to assist with Internet communication and reception of content data from remote providers, particularly correspondents via instant messaging.

15. Microsoft's unauthorized use of a designation which is identical to Instant Media's **I'M**® trademark, and is confusingly similar to other trademarks in

1  Instant Media's **I'M**® family of marks, for directly competitive services and for
2  software, using a motion display as does Instant Media, constitutes a deliberate
3  attempt to misappropriate for its own ends Instant Media's **I'M**® trademark, its
4  family of trademarks, and its motion display method. It also is a deliberate attempt
5  by Microsoft to exploit for its own benefit the creativity of Instant Media, and the
6  substantial goodwill associated with the popular and well-known **I'M**® family of
7  marks.

8      16.  In selecting and using the trade names and marks that include the
9  designation **I'M** in connection with the sale and offering of its goods and services,
10 Microsoft (1) has acted and continues to act with the intent and willful purpose of
11 improperly taking or benefiting from the creativity, reputation and goodwill which
12 Instant Media has established in the **I'M**® marks, and to undermine and
13 misappropriate Instant Media's **I'M**® marks for its own purposes, and (2) has caused
14 and continues to cause its goods and services to be palmed off as made, authorized,
15 sponsored, or endorsed by or otherwise connected with Instant Media.

16     17.  Microsoft's use in commerce of the trade names and marks that include
17 the designation **I'M** is actionable as reverse confusion because such use by
18 Microsoft is likely to cause confusion as to source of the goods and services offered
19 by Instant Media under its **I'M**® marks, thereby leading the public to incorrectly
20 assume that, for example, (1) Instant Media's goods and services are really those of
21 Microsoft, or (2) Instant Media has become somehow connected with Microsoft.

22     18.  Microsoft's use in commerce of the trade names and marks that include
23 the designation **I'M** is actionable as reverse confusion because such use by
24 Microsoft is likely to lead a substantial number of consumers to believe incorrectly
25 that Instant Media has stolen a trademark belonging to Microsoft. Consumers who
26 know that Microsoft is using the designation **I'M** and that Instant Media is not
27 affiliated with Microsoft would therefore be likely to conclude that Instant Media is
28 using its **I'M**® marks to confuse consumers into believing that **I'M**® designates

Microsoft, or potentially that Instant Media is the late entrant seeking to misappropriate Microsoft's goodwill and promotion strategies.

19. Microsoft's activities are likely to cause confusion, to cause mistake and to deceive consumers and others as to the source, nature and quality of the goods and services offered by Microsoft, and otherwise diminish and/or dilute the value of Instant Media's **I'M**® marks.

20. Instant Media has been damaged by Microsoft's wrongful conduct in an amount to be proven at trial.

21. Unless Microsoft's activities are preliminarily and permanently enjoined, Instant Media and its assets, goodwill and reputation will suffer irreparable injury.

22. Microsoft has profited from its wrongful conduct and has been unjustly enriched in an amount to be proven at trial

## FIRST CLAIM FOR RELIEF
(Federal Trademark Infringement)
(15 U.S.C. §1114(1))

23. Instant Media incorporates the preceding paragraphs as though fully set forth herein.

24. The actions of Microsoft as described herein constitute infringement of Instant Media's federally registered trademark in **I'M**® as well as its common law trademark rights in **I'M** and the **I'M**® family of trademarks in violation of section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and of Instant Media's trademark rights at common law.

25. Microsoft's acts of infringement have caused Instant Media damages in an amount to be proven at trial. Instant Media seeks judgment pursuant to 15 U.S.C. § 1117 for Microsoft's profits made through its unauthorized and infringing use of Instant Media's trademarks, for the damages sustained by Instant Media, for all

1  costs necessary to remediate the infringing uses and their effects, and for the costs, expenses, and reasonable attorneys' fees incurred in bringing the present action.

26. Instant Media seeks judgment for three times the damages awarded, due to the willful and intentional nature of Microsoft's conduct, or such other compensation as the Court deems just.

## SECOND CLAIM FOR RELIEF

(Unfair Competition and False Designation of Origin in Violation of Federal Law)

(15 U.S.C. §1125(a))

27. Instant Media incorporates the preceding paragraphs as though fully set forth herein.

28. Instant Media owns and enjoys common law trademark rights in the **I'M**® family of trademarks and also owns a federally registered trademark right in **I'M**®, which rights are superior to any rights of defendant Microsoft.

29. Microsoft's use of the **I'M** designation as aforesaid constitutes a false designation of origin, passing off, misappropriation, palming off and/or misleading description or representation of fact which is likely to cause mistake, confusion and/or deception as to origin, sponsorship, authorization, creation, or approval of Microsoft's goods and services, in violation of 15 U.S.C. § 1125(a).

30. As a result of Microsoft's acts, Instant Media has suffered damages and other harm, in an amount to be proven at trial. Instant Media seeks judgment for Microsoft's profits made by these acts, for the damages sustained by Instant Media, for all costs necessary to remediate the false designation of origin, passing off, misappropriation, palming off and/or misleading description or representation of fact, and for the costs, expenses and reasonable attorneys' fees incurred in bringing the present action.

31. Instant Media further seeks judgment for three times the amount of damages awarded, due to the nature of Microsoft's conduct, or such other compensation as the Court deems just.

## THIRD CLAIM FOR RELIEF

(Trademark Infringement and Unfair Competition Under California Law)

(Cal. Bus. & Prof. Code §§ 17200 *et seq.* and 17500 *et seq.*)

32. Instant Media incorporates the preceding paragraphs as though fully set forth herein.

33. Microsoft's acts, including the use of Instant Media's trademarks and trade names, constitute trademark infringement, false advertising, and unfair competition under California statutory law, including Cal. Bus. & Prof. Code §§ 17200 *et seq.* and 17500 *et seq.*

34. Instant Media has suffered damages as a direct result of Microsoft's conduct as described herein, for which money damages are an inadequate remedy, and such damage will continue unless the Court enjoins Microsoft's use of the I'M designation.

35. Microsoft has used and is using Instant Media's marketing and business concepts and/or plans including its promotional concepts as well as its trademarks in commerce. Such acts constitute unlawful competition.

36. Microsoft should be required to restore to Instant Media any and all profits earned as a result of its unlawful and unfair activities, and to compensate Instant Media for damages, attorneys' fees and costs incurred.

## FOURTH CLAIM FOR RELIEF

(Common Law Trademark Infringement and Unfair Competition)

37. Instant Media incorporates the preceding paragraphs as though fully set forth herein.

38. In addition to the rights under the Lanham Act and state statutory law set forth above, Instant Media also has valid and existing rights under the common law with respect to the **I'M**® family of trademarks, which rights Microsoft has violated by virtue of its actions as described herein.

39. Microsoft's wrongful acts as described herein have damaged Instant Media, in an amount to be proven at trial.

40. Instant Media has suffered damages as a direct result of Microsoft's conduct as described herein, for which money damages are an inadequate remedy, and such damage will continue unless the Court enjoins Microsoft's use of the I'M designation.

## FIFTH CLAIM FOR RELIEF
(Unjust Enrichment)

41. Instant Media incorporates the preceding paragraphs as though fully set forth herein.

42. Microsoft has been unjustly enriched by the conduct described herein by receiving profits and other goodwill that rightfully should have gone to Instant Media and by appropriating Instant Media's promotional concepts and business concepts, techniques and/or plans, trademarks and goodwill. The Court should disgorge Microsoft of its unjust enrichment and award it to Instant Media.

## SIXTH CLAIM FOR RELIEF
(Misappropriation)

43. Instant Media incorporates the preceding paragraphs as though fully set forth herein.

44. Upon information and belief, Microsoft has misappropriated the goodwill, marks and business and marketing concepts, techniques and/or plans of Instant Media.

45. Microsoft's wrongful acts as described herein have damaged Instant Media in an amount to be proven at trial. Microsoft has also been unjustly enriched by virtue of its misappropriation of Instant Media's business, marketing and promotional concepts, techniques and/or plans, trademarks and goodwill.

46. Microsoft has taken Instant Media's business, marketing and promotional concepts, techniques and/or plans, as well as Instant Media's trademarks and goodwill, and is using that property in commerce.

47. Instant Media has suffered damages as a direct result of Microsoft's conduct as described herein, for which money damages are an inadequate remedy, and such damage will continue unless the Court enjoins Microsoft's use of the I'M designation and its motion display associated therewith.

## **PRAYER FOR RELIEF**

WHEREFORE, Instant Media prays for the following relief:

1. That defendant Microsoft, its officers, agents, servants, partners, affiliates, subsidiaries, employees, attorneys and all others in concert or participation with them, be preliminarily enjoined during the pendency of this action and permanently enjoined thereafter from using the name or designation **I'M** or any derivation therefrom, or any other designation similar to or likely to cause confusion with **I'M**® or an **I'M**® motion display, in connection with the sale, offering for sale, promotion, distribution, or advertising of any goods and services, including any online promotional campaigns for others, or client software or other software that can be used for reception of communications or data via the Internet, or any related consumer merchandise;

2. That the Court award Instant Media the profits made by Microsoft and the actual damages suffered by Instant Media as a result of Microsoft's unlawful conduct, and a reasonable royalty, in an amount to be proven at trial;

3. That this Court award Instant Media triple the amount of the damages awarded, whether Microsoft's profits, Instant Media's lost profits or other damages;

4. That the Court order Microsoft to file with the Court and serve upon Instant Media's counsel within fifteen (15) days after entry of Judgment a report in writing under oath setting forth in detail the manner and form in which Microsoft has complied with the requirements of the Injunction and Order;

5. That the Court award prejudgment interest as authorized by law;

6. That the Court award Instant Media its costs incurred in this action, including reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117 and California law;

7. That the Court impose a constructive trust over those Microsoft profits that constitute unjust enrichment;

That the Court award restitutionary relief against Microsoft and in favor of Instant Media, including disgorgement of wrongfully obtained profits and goodwill and any other appropriate relief;

8. That the Court grant Instant Media any other remedy to which it may be entitled; and

9. That the Court grant such other and further relief as it shall deem just.

DATED: May 17, 2007          LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
    Mitchell P. Brook
    Justin L. Allamano
    Attorneys for Instant Media, Inc.

## DEMAND FOR JURY TRIAL

Trial by jury is hereby demanded for all issues so triable.

DATED: May 17, 2007        LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: /s/ Justin L. Allamano
Mitchell P. Brook
Justin L. Allamano
Attorneys for Instant Media Inc.

701000779.1