Justin L. Allamano, State Bar No. 229764
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II
121 Spear St., Suite 200
San Francisco, California 94105-1582

Mitchell P. Brook, State Bar No. 172105
Jeffrey D. Wexler, State Bar No. 132256
Andrea M. Kimball, State Bar No. 196485
Michael J. Mancuso, State Bar No. 228669
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
11988 El Camino Real, Suite 200
San Diego, California 92130-2594
Telephone No.: 858.720.6300
Fax No.: 858.720.6306
E-Mail:  jallamano@luce.com
         mbrook@luce.com
         jwexler@luce.com
         akimball@luce.com
         mmancuso@luce.com

Attorneys for Instant Media, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| INSTANT MEDIA, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>　　　　Defendant. | Case No. C 07-02639 SBA<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF INSTANT MEDIA INC.'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:　July 17, 2007<br>Time:　1:00 p.m.<br>Ctrm.:　3<br><br>The Honorable Saundra Brown Armstrong, District Judge |

After consideration of the papers in support of and in opposition to the motion of plaintiff Instant Media, Inc. ("Instant Media") for a preliminary injunction against defendant Microsoft Corporation ("Microsoft"), the Court finds that:

(1) Instant Media has demonstrated a likelihood of success on the merits and serious questions going to the merits on its infringement claims. In particular, Instant Media has shown a likelihood of success on the merits and serious questions going to the merits with regard to the issue whether Microsoft's use of the **i'm** mark infringes Instant Media's federally registered and common law **I'M** marks.

(2) Instant Media has shown a possibility of irreparable injury. Having demonstrated a likelihood of success on the merits, Instant Media is entitled to a presumption of irreparable injury. Furthermore, Instant Media has shown that Microsoft's use of the **i'm** mark is likely to swamp Instant Media's federally registered and common law **I'M** marks and to damage or destroy the considerable goodwill built up by Instant Media in those marks.

(3) Instant Media has also demonstrated that the balance of hardships tips sharply in its favor. Microsoft adopted its **i'm** mark with actual or constructive knowledge of Instant Media's **I'M** marks, and did so at its own peril. Because Microsoft has been using its **i'm** mark for only a short period of time and can readily offer the same services that it is offering under the **i'm** mark without using that mark, it will not suffer undue hardship if it is required to stop using the **i'm** mark pending trial on the merits.

Accordingly, good cause being found, IT IS ORDERED that:

(1) Microsoft and its subsidiaries, associates, agents, servants, employees, officers, directors, representatives, successors, assigns, and attorneys, as well as any person in active concert or participation with them or any related company embraced within the definition thereof contained in 15 U.S.C. § 1127 with notice of the Order, are hereby enjoined from, during the pendency of this action, using the name or designation **I'M** or **i'm**, or any user icon using either such

1  name or designation, in connection with the sale, offering for sale, promotion,
2  distribution, or advertising of any goods or services, including any online
3  promotional campaigns for others, or client software or other software that can be
4  used for reception of communications or data via the Internet, or any related
5  consumer merchandise.
6      (2)   Instant Media shall post a bond of $_____ within three business
7  days of the day on which it receives notice of this Order.

DATED: _____, 2007

_____
The Honorable Saundra Brown Armstrong
United States District Judge

201001102.1