Justin L. Allamano, State Bar No. 229764
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II
121 Spear St., Suite 200
San Francisco, California 94105-1582

Mitchell P. Brook, State Bar No. 172105
Jeffrey D. Wexler, State Bar No. 132256
Andrea M. Kimball, State Bar No. 196485
Michael J. Mancuso, State Bar No. 228669
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
11988 El Camino Real, Suite 200
San Diego, California 92130-2594
Telephone No.: 858.720.6300
Fax No.: 858.720.6306
E-Mail:   jallamano@luce.com
          mbrook@luce.com
          jwexler@luce.com
          akimball@luce.com
          mmancuso@luce.com

Attorneys for Instant Media, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| INSTANT MEDIA, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>　　　　Defendant. | Case No. C 07-02639 SBA<br><br>**PLAINTIFF INSTANT MEDIA, INC.'S MOTION TO SHORTEN TIME ON MOTION FOR PRELIMINARY INJUNCTION [DOCKET 8]; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JEFFREY D. WEXLER**<br><br>The Honorable Saundra Brown Armstrong, District Judge |

**TO DEFENDANT MICROSOFT CORPORATION**:

PLEASE TAKE NOTICE that plaintiff Instant Media, Inc. ("Instant Media") will, and hereby does, move the Court pursuant to Local Rule 6-3 to shorten time on the hearing on Instant Media's motion for a preliminary injunction [Docket 8] (the "Preliminary Injunction Motion"), filed on June 12, 2007 and currently noticed for hearing on September 11, 2007.  Instant Media respectfully requests the Court to schedule the hearing on the Preliminary Injunction Motion for hearing on its regularly scheduled civil calendar on July 24, 2007 or, if it is not possible to schedule the hearing on that calendar, at some other date and time during the weeks of July 23, 2007 or July 30, 2007 (other than July 31, 2007).

Instant Media brings this motion to shorten time on the grounds that: (1) the Preliminary Injunction Motion is currently noticed for hearing on September 11, 2007, which was the Court's first available hearing date as of the day that the Motion was filed; and (2) because the Preliminary Injunction Motion asserts that defendant Microsoft Corporation's ongoing use of its **i'm** trademark is likely to cause reverse confusion and thereby to destroy the goodwill built up by Instant Media in its **I'M** trademarks, the preliminary injunctive relief sought by Instant Media will be rendered less effective if the Motion is not heard until September 11, 2007.

This motion shall be based upon this Motion, the Memorandum of Points and Authorities attached hereto, the Declaration of Jeffrey D. Wexler attached hereto, the [Proposed] Order lodged concurrently herewith, and such further evidence and argument as may be presented to the Court in connection with this Motion.

DATED: June 18, 2007            LUCE, FORWARD, HAMILTON & SCRIPPS LLP


By:     /s/ Jeffrey D. Wexler
        Jeffrey D. Wexler
        Attorneys for Plaintiff Instant Media, Inc.

201001585.1

1

Case No. C 07-02639 SBA
PLAINTIFF'S MOTION TO SHORTEN TIME ON
HEARING ON MOTION FOR PRELIM. INJ.;
MEMO. OF Ps & As; WEXLER DECL.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

As required by Local Rule 6-3, the Declaration of Jeffrey D. Wexler ("Wexler Decl.") filed concurrently herewith discusses the facts of relevance to this motion to shorten time. In short:

(1) On June 12, 2007, plaintiff Instant Media, Inc. ("Instant Media") filed its Motion for Preliminary Injunction [Docket 8] (the "Preliminary Injunction Motion"), noticing the hearing on that Motion for the earliest hearing date permissible under the Local Rules, July 17, 2007, *see* Wexler Decl., ¶ 3;

(2) the Preliminary Injunction Motion asks the Court to preliminarily enjoin defendant Microsoft Corporation ("Microsoft") from using its **i'm** trademark on the ground that such use is likely, under the doctrine of reverse confusion, to infringe Instant Media's federally registered mark **I'M** and its common law rights in other **I'M** marks, thereby destroying Instant Media's goodwill in its marks and causing consumers to believe that Instant Media is improperly trying to piggyback on Microsoft's marks, *see id.*, ¶¶ 6-7; and

(3) on June 14, 2007, the Court clerk informed counsel for Instant Media that the Court's first available hearing date was September 11, 2007, and Instant Media therefore rescheduled the hearing on the Preliminary Injunction Motion for that date, *see id.*, ¶ 4.

For the reasons detailed in the Wexler Declaration, good cause exists for the Preliminary Injunction Motion to be heard on an expedited basis. *See id.*, ¶¶ 6-8. A substantial delay in hearing the Preliminary Injunction Motion is likely to decrease the efficacy of a preliminary injunction in protecting Instant Media's rights in its **I'M** marks. *See id.*, ¶ 8.

Instant Media asks the Court to schedule a hearing on the Preliminary Injunction Motion for Tuesday, July 24, 2007, or, if that date is inconvenient for the Court, for any other day during the weeks of July 23, 2007 and July 30, 2007 (with the exception of July 31, 2007). Microsoft's counsel is amenable to a hearing date of July 24, 2007. *See id.*, ¶ 9. Furthermore, scheduling the hearing for the weeks of July 23, 2007 or July 30, 2007 could not cause prejudice to Microsoft,

1 given that any such hearing date would provide Microsoft with at least six days more to prepare its
2 opposition papers than the two-week period required under the Local Rules.

3 DATED: June 18, 2007           LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By:    /s/ Jeffrey D. Wexler
      Jeffrey D. Wexler
      Attorneys for Plaintiff Instant Media, Inc.

# DECLARATION OF JEFFREY D. WEXLER

I, JEFFREY D. WEXLER, declare:

1. I am an attorney licensed to practice before the Courts of the State of California and am a member of the Bar of this Court. I am a partner in the law firm of Luce, Forward, Hamilton & Scripps LLP, counsel of record for plaintiff Instant Media, Inc. ("Instant Media"). I submit this declaration pursuant to Local Rule 6-3 to explain the reasons why the Court should shorten time on Instant Media's Motion for Preliminary Injunction [Docket 8] (the "Preliminary Injunction Motion").

### A. Reasons for the Requested Shortening of Time and Substantial Harm or Prejudice in Absence of Continuance (Local Rules 6-3(1) and 6-3(2)).

2. On June 12, 2007, in response to the Declination to Proceed Before Magistrate Judge for Purposes of Upcoming Preliminary Injunction Motion, Disposition and Trial Per Local Rule 73-1 [Docket 5] filed by Instant Media on June 5, 2007, the Court filed its Reassignment Order [Docket 7] reassigning this case to the Honorable Saundra Brown Armstrong for all purposes.

3. Later on June 12, 2007, Instant Media filed its Preliminary Injunction Motion. Instant Media noticed the hearing on its Preliminary Injunction Motion for July 17, 2007, the earliest hearing date permissible under Local Rule 7-2(a).

4. On June 14, 2007, the Court clerk informed me by telephone that: (1) the Court's calendar was full for the July 17, 2007 hearing date selected by Instant Media; (2) the first available hearing date was September 11, 2007; and (3) Instant Media should file a notice rescheduling the hearing on the Preliminary Injunction Motion for that date. In response to my inquiry whether it would be possible to have the Preliminary Injunction Motion heard before that date because of the urgency of the relief sought, the Court clerk told me that Instant Media could file a motion seeking an earlier hearing date.

5. Accordingly, on June 14, 2007, Instant Media filed its Notice of Rescheduling Hearing on Motion for Preliminary Injunction [Docket 14].

6. The Preliminary Injunction Motion asks the Court to preliminarily enjoin defendant Microsoft Corporation ("Microsoft") from using its **i'm** trademark on the ground that such use infringes Instant Media's federally registered mark **I'M** and its common law rights in other **I'M** marks. The Preliminary Injunction Motion is predicated upon the contention that Microsoft's use of the **I'M** mark is actionable under the doctrine of reverse confusion, which applies where a larger, more powerful company starts using a trademark or service mark belonging to a smaller, less powerful company, thereby causing confusion as to the source of the senior user's goods or services.

7. In the Preliminary Injunction Motion, Instant Media argues that:

> . . . Microsoft's pervasive use of the **i'm** mark in connection with promotional services and communication software very similar to those offered by Instant Media threatens to swamp Instant Media's **I'M** marks, thereby (1) destroying Instant Media's goodwill in those marks and (2) leading consumers to believe that Instant Media is improperly attempting to piggyback on Microsoft's marks and goodwill. . . .

Docket 8 at 1:27-2:3.

8. Instant Media is asking the Court to hear the Preliminary Injunction Motion before the first available hearing date of September 11, 2007 because, as long as Microsoft is continuing to use its **i'm** mark, that mark will continue to grow in commercial strength and will be increasingly likely to cause an increasing number of consumers to associate that mark exclusively with Microsoft – not Instant Media. Thus, an earlier hearing date for the Preliminary Injunction Motion is likely to increase the efficacy of a preliminary injunction in protecting the goodwill that Instant Media has built up in its **I'M** marks.

**B.    Instant Media's Efforts to Obtain Stipulation (Local Rule 6-3(2)).**

9. Because Microsoft has not yet appeared in this action, counsel for Instant Media has not inquired about the willingness of counsel for Microsoft to enter into a formal stipulation to have the Preliminary Injunction Motion heard on July 24, 2007. However, in a June 13, 2007 letter (sent before the Court clerk notified Instant Media's counsel that the July 17, 2007 hearing date was unavailable), Microsoft's counsel, Suzanne Wilson of Arnold & Porter, asked Instant

1  Media's counsel to continue the hearing on the Preliminary Injunction Motion from July 17, 2007
2  to July 24, 2007.  In a June 14, 2007 e-mail, I informed Ms. Wilson that Instant Media would be
3  filing this motion to shorten time asking the Court to hear the Preliminary Injunction Motion either
4  on the date of July 24, 2007 proposed in her letter or on another date during the weeks of July 23,
5  2007 or July 30, 2007.

      **C.**    **Compliance with Local Rules (Local Rule 6-3(4)).**

7      10.    Because this is not a discovery motion, Local Rule 37-1(a) is not applicable.
8      11.    The Preliminary Injunction Motion asks the Court to preliminarily enjoin Microsoft
9  from using its **i'm** trademarks on the ground that, under the doctrine of reverse confusion, such
10  use is likely to cause confusion with Instant Media's federally registered mark **I'M** and its
11  common law rights in other **I'M** marks.

      **D.**    **Prior Time Modifications (Local Rule 6-3(5)).**

13      12.    There have been no previous time modifications in this case, either by stipulation
14  or Court order.

      **E.**    **Effect of Time Modification on Schedule for Case (Local Rule 6-3(6)).**

16      13.    The requested time modification will have no effect on the schedule for the case.

      **F.**    **Availability of Counsel for Hearing.**

18      14.    I am generally available to attend a hearing on the Preliminary Injunction Motion
19  during the weeks of July 23, 2007 and July 30, 2007.  However, I am unavailable on Tuesday, July
20  31, 2007, because I am already scheduled to appear at the hearing of three motions for summary
21  adjudication to be heard at 1:30 p.m. on that day in Los Angeles Superior Court.
22      Executed on June 18, 2007 at Los Angeles, California.
23      I declare under penalty of perjury that the foregoing is true and correct.

_____

JEFFREY D. WEXLER

6

Case No. C 07-02639 SBA
PLAINTIFF'S MOTION TO SHORTEN TIME ON
HEARING ON MOTION FOR PRELIM. INJ.;
MEMO. OF Ps & As; WEXLER DECL.