LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Justin L. Allamano (State Bar #229764); jallamano@luce.com
Rincon Center II
121 Spear Street, Suite 200
San Francisco, California  94105-1582

Mitchell P. Brook (State Bar #172105); mbrook@luce.com
11988 El Camino Real, Suite 200
San Diego, California  92120-2594
Telephone:  (858) 720-6300
Facsimile:  (858) 720-6306

*Attorneys for Plaintiff Instant Media, Inc.*

ARNOLD & PORTER LLP
Suzanne V. Wilson (State Bar #152399); suzanne_wilson@aporter.com
777 South Figueroa Street, 44th Floor
Los Angeles, California  90017-5844
Telephone:  (213) 243-4000
Facsimile:  (213) 243-4199

Catherine R. Rowland (*Pro Hac Vice* Pending); catherine_rowland@aporter.com
555 Twelfth Street, N.W.
Washington, D.C.  20004
Telephone:  (202) 942-5000
Facsimile:  (202) 942-5999

*Attorneys for Defendant Microsoft Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| INSTANT MEDIA, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICROSOFT CORPORATION, a Washington corporation,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CV 07-02639 SBA<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |

1                        **STIPULATED PROTECTIVE ORDER**

2          WHEREAS the parties in the above-captioned action believe that the information they

3    disclose through discovery and in the course of supporting or opposing motions may constitute,

4    contain or reflect confidential, trade secret, proprietary, technical, scientific, business or financial

5    information of a party or of a non-party;

6          WHEREAS the parties desire to establish a mechanism to protect the disclosure of such

7    information in this action;

8          Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, **IT IS HEREBY**

9    **ORDERED THAT**:

10         1.      **Definitions**:  For purposes of this Protective Order, the following definitions shall

11   apply:

12                 (a)      Document.  The term "document" shall have the full meaning ascribed to it

13   by the Federal Rules of Civil Procedure and shall include, without limitation, any records,

14   exhibits, reports, samples, transcripts, electronic mail ("email"), video or audio recordings,

15   affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports,

16   answers to interrogatories, responses to requests for admissions or motions, including copies

17   or computer-stored versions of any of the foregoing.

18                 (b)      Disclosing Party.  The term "Disclosing Party" is defined herein as any party

19   or non-party who is requested to produce or produces documents, materials or testimony

20   containing Confidential Material.

21                 (c)      Receiving Party.  The term "Receiving Party" is defined herein as any party

22   to whom documents, materials or testimony containing Confidential Material is provided.

23                 (d)      Confidential Material.  The term "Confidential Material" refers collectively

24   to CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION.

25                 (e)      Confidential Information.  The term "CONFIDENTIAL INFORMATION" is

26   defined herein as information that has not been made public, the disclosure of which the

27   Disclosing Party reasonably and in good faith contends could cause harm to the business

28   operations of the Disclosing Party or provide improper advantage to others, including, but

- 1 -

1    not limited to, trade secrets within the meaning of the Uniform Trade Secrets Act.

2    CONFIDENTIAL INFORMATION also includes non-public personal or private

3    information, such as (without limitation) personnel records.

4          (f)    Highly Confidential Information. The term "HIGHLY CONFIDENTIAL

5    INFORMATION" is defined herein as CONFIDENTIAL INFORMATION that is technical,

6    commercial, financial or marketing in nature and that the Disclosing Party reasonably and in

7    good faith believes is so highly sensitive that its disclosure to an employee of a Receiving

8    Party would reveal significant business or financial advantages of the Disclosing Party.  It

9    includes, without limitation, information that the designating party reasonably and in good

10    faith believes relates to (1) current business/strategic plans, (2) trade secrets within the

11    meaning of the Uniform Trade Secrets Act that would provide a significant business or

12    financial advantage to the Receiving Party, (3) technical product specifications and

13    information, (4) sales, cost and price information including future sales/financial projections,

14    (5) non-public marketing information including future marketing plans, (6) detailed sales

15    and financial data, (7) customer lists, or (8) other information of competitive, technical,

16    financial, or commercial significance comparable to the items listed in this paragraph.

17          (g)    Outside Service Organization. The term "Outside Service Organization" is

18    defined herein as an individual or organization that provides photocopying, document

19    processing, electronic discovery, translation or graphics services to counsel as part of the

20    ordinary course of the discovery, motion practice, trial preparation or trial of this action.

21          (h)    Support Staff. The term "Support Staff" is defined herein as employees of

22    counsel for the parties or their Consultants, including paralegals, clerical personnel and

23    secretarial personnel.

24          (i)    Action. The term "Action" is defined herein as the matter of *Instant Media,*

25    *Inc. v. Microsoft Corporation*, Case No. 07-02639 SBA, pending in the United States

26    District Court for the Northern District of California.

27    2.    **Applicability of Protective Order**:  If, in the course of this litigation, a party

28    undertakes or is caused to disclose what the Disclosing Party contends is Confidential Material (i.e.,

- 2 -

1    CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION) the

2    procedures set forth herein shall be employed and the disclosure thereof shall be subject to this

3    Protective Order.  Confidential Material shall be used solely in the preparation, prosecution or trial

4    of this Action.

5        3.    **Other Cases**:  By entering this Protective Order and limiting the disclosure of

6    information in this case, the Court does not intend to preclude another court from finding that

7    information may be relevant and subject to disclosure in another case.  Any person or Receiving

8    Party subject to this Protective Order who becomes subject to a motion to disclose another party's

9    information designated as Confidential Material pursuant to this Protective Order, shall promptly

10   notify the Disclosing Party of the motion so that the Disclosing Party may have an opportunity to

11   appear and be heard on whether that information should be disclosed.

12       4.    **Disclosure Prohibited**:  Confidential Material or the substance or context thereof,

13   including any notes, memoranda or other similar documents relating thereto, shall not be disclosed

14   or summarized, either in writing or orally, by a Receiving Party to anyone other than persons

15   permitted to have access to such information under this Protective Order.  Nothing in this Protective

16   Order shall limit disclosure or use by a Designating Party of its own Confidential Material.

17       5.    **Designating and Marking Confidential Material**:  Confidential Material to be

18   designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Protective Order

19   shall be designated and marked as follows:

20       (a)    Documents.  Documents may be designated as "CONFIDENTIAL" by

21   placing the following legend, or equivalent thereof, on any such document:

22                "CONFIDENTIAL"

23   Documents may be designated as "HIGHLY CONFIDENTIAL" by placing the following

24   legend, or equivalent thereof, on any such document:

25                "HIGHLY CONFIDENTIAL"

26   Such legends shall be placed upon every page of each document containing Confidential

27   Material.  In lieu of marking the originals of documents, the party may mark the copies that

28   are produced, exchanged, filed or served.

- 3 -

(b)    <u>Non-Paper Media</u>.  Where Confidential Material is produced in a non-paper medium (e.g., video tape, audio tape, computer disks, etc.), the appropriate confidentiality notice as described in ¶ 5(a) above should be placed on the medium, if possible, and its container, if any, so as to clearly give notice of the designation.  To the extent that any Receiving Party prints any of the information contained on non-paper media that is designated as Confidential Material, such printouts shall be marked as described in ¶ 5(a) above by the Receiving Party.

(c)    <u>Physical Exhibits</u>.  The confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit with the appropriate confidentiality notice as described in ¶ 5(a) above.

(d)    <u>Written Discovery</u>.  In the case of Confidential Material incorporated in answers to interrogatories or responses to requests for admission, the appropriate confidentiality notice as described in ¶ 5(a) above shall be placed only on the first page of the document and on each answer or response that actually contains Confidential Material.

6.    **Deposition Proceedings**:  Counsel for the parties agree that the Designating Party shall make a good faith effort to designate as Confidential Material those specific portions of a deposition transcript that contain Confidential Material.  At the option of counsel for the witness, to be stated on the record at the deposition, the entire transcript of a deposition shall be treated as HIGHLY CONFIDENTIAL INFORMATION until 7 days after receipt of the deposition transcript by counsel for the witness, after which time the information revealed during the deposition shall cease to be treated as HIGHLY CONFIDENTIAL INFORMATION unless, at the deposition and on the record, or in writing before the 7 days have expired, the witness, his or her employer or his or her counsel designate those portions of the deposition transcript (including exhibits) as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  In the case of non-party witnesses, any party or the non-party witness, his or her employer or his or her counsel may designate information revealed as Confidential Material either by a statement to such effect on the record in the course of the deposition, or in writing within 7 days of receipt of the deposition by the non-party witness' counsel.

Counsel for any Disclosing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the deposing counsel, the court reporter and videographer (if any), any person who is not authorized by this Protective Order to receive documents or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such right of exclusion shall be applicable only during periods of examination or testimony directed to or comprising Confidential Material of the Disclosing Party.

The court reporter or other person recording the proceedings shall segregate any portion of the transcript of the deposition or hearing which has been stated to contain Confidential Material and may furnish copies of these segregated portions, in a sealed envelope, only to the deponent, to the Court and to counsel for the parties bound by the terms of this Protective Order. The court reporter may be asked to prepare CONFIDENTIAL, HIGHLY CONFIDENTIAL, or non-confidential versions of the transcript, as appropriate. All video and/or audio copies of depositions that have been stated to contain, in whole or in part, Confidential Material, shall be marked CONFIDENTIAL or HIGHLY CONFIDENTIAL in their entirety, depending on the highest level of Confidential Material contained in the deposition.

With regard to designations made within seven (7) days after receipt of the transcript of a deposition, counsel shall make such designations by sending written notice to the court reporter, to counsel for the parties and to any other person known to have a copy of said transcript. The notice shall reference this Protective Order, identify the appropriate level of confidentiality and identify the pages and/or exhibits so designated. All copies of transcripts designated in this fashion shall be marked with a notice indicating the appropriate level of confidentiality of the material and shall be governed by the terms of this Protective Order.

7.    **Designating Inspections of Documents and Tangible Items**:  Where discovery is provided by allowing access to documents or tangible things for inspection instead of delivering copies of them, the producing party shall designate, in advance of their production, all HIGHLY CONFIDENTIAL INFORMATION.  If a party believes that inspection, measuring, testing, sampling or photographing of that party's processes, products, equipment, premises or other property pursuant to Federal Rule of Civil Procedure 34 will reveal or disclose information that is in

- 5 -

1  good faith deemed CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

2  INFORMATION the Disclosing Party shall advise in advance the Receiving Party in writing that

3  the inspection, measuring, testing, sampling or photographing will be permitted only on a

4  confidential basis, and that the information discovered, and any information derived from that

5  information, shall be treated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

6  INFORMATION.

7       8.    **Inadvertent Nondesignation**: The failure to designate Confidential Material as

8  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before or at the time of disclosure shall not

9  operate as a waiver of a Disclosing Party's right to designate said information as

10  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." In the event that Confidential Material is

11  designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" after disclosure, a Receiving

12  Party shall employ reasonable efforts to ensure that all such information is subsequently treated as

13  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to the terms of this Protective

14  Order. Disclosure of such Confidential Material to persons not authorized to receive that

15  information before receipt of the confidentiality designation shall not be deemed a violation of this

16  Protective Order. However, in the event the document has been distributed in a manner inconsistent

17  with the designation, a Receiving Party will take the steps necessary to conform distribution to the

18  designation: *i.e.*, returning all copies of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

19  document, or notes or extracts thereof, to the persons authorized to possess such documents. In the

20  event distribution has occurred to a person not under the control of a Receiving Party, a request for

21  return of the document, and for an undertaking of confidentiality, shall be made in writing. In the

22  event the request is not promptly agreed to in writing, or in the event there is no response, or in the

23  event that the party deems the making of the request to be a futile act, the party shall promptly

24  notify the Disclosing Party of the distribution and all pertinent facts concerning it, including the

25  identity of the person or entity not under the control of the Receiving Party.

26       9.    **Misdesignation**: A Disclosing Party will use reasonable efforts to avoid

27  designating, or to de-designate in a reasonable time after request, any document or information as

28

1    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that is not entitled to such designation or that

2    is generally available to the public.

3        10.    **Challenging Designation of Materials**: Any Receiving Party disagreeing with the

4    designation of any document or information as "CONFIDENTIAL" or "HIGHLY

5    CONFIDENTIAL" shall notify the Disclosing Party in writing.  The Disclosing Party shall then

6    have a reasonable period, not exceeding seven (7) court days, from the date of receipt of such notice

7    to:  (1) advise the Receiving Party whether or not the Disclosing Party persists in such designation;

8    and (2) if the Disclosing Party persists in the designation, to explain the reasons for the particular

9    designation.  The Receiving Party may then, after advising the Disclosing Party, move the Court for

10   an order removing the particular designation and replacing it with a different designation or no

11   designation.  The Designating Party who asserts that the document or information is

12   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall have the burden of proving that the

13   designation is proper.  Information designated "CONFIDENTIAL" or "HIGHLY

14   CONFIDENTIAL" by a Disclosing Party shall be treated as such by a Receiving Party unless

15   otherwise agreed to by the parties or otherwise ordered by the Court or by any appellate court,

16   should appellate review be sought.

17       The failure of a Receiving Party to challenge expressly a claim of confidentiality or the

18   designation of any document or information as "CONFIDENTIAL" or "HIGHLY

19   CONFIDENTIAL" at the time of disclosure shall not constitute a waiver of the right to assert at any

20   subsequent time that the same is not in fact confidential or not appropriately designated for any

21   reason.

22       11.    **Access to CONFIDENTIAL INFORMATION**:  Access to CONFIDENTIAL

23   INFORMATION, not including HIGHLY CONFIDENTIAL INFORMATION, shall be limited to

24   the following individuals:  (a) persons qualified to have access to HIGHLY CONFIDENTIAL

25   materials pursuant to paragraph 12 below; and (b) a party or employees of a party who have a need

26   to know the information to assist counsel in connection with the litigation.  The persons described in

27   this paragraph shall have access to the "CONFIDENTIAL INFORMATION" only after they have

28

- 7 -

1    been made aware of the provisions of this Protective Order and have manifested their assent to be

2    bound thereby by signing a copy of the agreement attached hereto as Exhibit A.

3         12.    **Access to HIGHLY CONFIDENTIAL INFORMATION**:  Access to HIGHLY

4    CONFIDENTIAL INFORMATION shall be limited to the following individuals:

5              (a)    Outside Counsel:  Outside counsel of record for the respective parties to this

6         litigation, including counsel's Support Staff and Outside Service Organizations.

7              (b)    In-House Counsel:  In-house counsel of a party working on this litigation

8         (including in-house counsel's Support Staff).

9              (c)    Court Reporters:  Court reporters taking testimony and their support

10        personnel;

11             (d)    The Court:  The Court and authorized court personnel; and

12             (e)    Outside Service Organizations:  As defined inn paragraph 5(g) herein.

13             (f)    Consultants and Experts:  Experts or independent consultants retained by

14        counsel for assistance with respect to this litigation, provided that each such person has

15        complied with the procedures set forth below in paragraph 16, together with each such

16        person's necessary clerical and Support Staff.

17   The persons described in this paragraph shall have access to the "HIGHLY CONFIDENTIAL

18   INFORMATION" only after they have been made aware of the provisions of this Protective Order

19   and have manifested their assent to be bound thereby by signing a copy of the agreement attached

20   hereto as Exhibit A.

21        13.    **List of Recipients**:  A list shall be maintained by counsel for the parties of the names

22   of all persons (except for counsel and their support personnel, and consultants and experts not

23   required to be disclosed under Federal Rule of Civil Procedure 26) to whom Confidential Material

24   is disclosed, or to whom the information contained therein is disclosed, and such list shall be

25   available for inspection by the Court and opposing counsel upon request.  Similar but separate lists

26   shall also be maintained with respect to Confidential Material provided by third parties.

27        14.    **Jurisdiction of this Court**:  Each individual who receives any Confidential Material

28   hereby agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any

1    proceedings relating to the performance under, compliance with or violation of this Protective

2    Order.

3          15.    **Witnesses**:  Nothing herein is intended to prevent showing a document designated as

4    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to a person who the document indicates is an

5    author or authorized recipient of the document.  No copies of such documents shall be given to such

6    individuals for them to retain.  Furthermore, if a document or testimony makes reference to the

7    actual or alleged conduct or statements of a person who is a potential witness, the discussion by

8    counsel of such conduct or statements with such witness (without revealing any portion of the

9    document or testimony) shall not constitute a disclosure in violation of this Protective Order.

10   During deposition or trial testimony, counsel may disclose documents produced by a party to

11   current employees or officers of the Disclosing Party.

12         16.    **Experts and Consultants**:  Before disclosing any CONFIDENTIAL

13   INFORMATION, including HIGHLY CONFIDENTIAL INFORMATION, to outside experts or

14   consultants, the party seeking to disclose such information shall require all outside experts or

15   consultants to execute Exhibit A hereto.

16         17.    **Court Reporters and Videographers**:  Any court reporter or videographer who

17   records testimony in this action at a deposition shall be provided with a copy of this Protective

18   Order by the party noticing the deposition.  That party shall advise the court reporter or

19   videographer, before any testimony is taken, that all documents, information or testimony

20   designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is and shall remain confidential

21   and shall not be disclosed, except as provided in this Protective Order.  The noticing party shall

22   further advise the court reporter and videographer that copies of all transcripts, reporting notes and

23   all other records of any such testimony must be treated in accordance with this Protective Order,

24   delivered to attorneys of record, or filed under seal with the Court.

25         18.    **Filing Confidential Material With the Court**:  If a party wishes to file with the

26   Court any document that is Confidential Material or that contains, reflects or summarizes

27   Confidential Material, that party shall file such document under seal, pursuant to the procedures set

28

1  forth in Rule 79-5 of the Local Rules of the United States District Court for the Northern District of

2  California.

3       19.  **Storage of Confidential Materials**:  The Receiving Party shall use due care with

4  respect to the storage, custody, use and/or dissemination of Confidential Material.  Among other

5  things, CONFIDENTIAL INFORMATION  and HIGHLY CONFIDENTIAL INFORMATION

6  shall not be stored at any business premises of the Receiving Party unless such information is stored

7  in a secured area and accessible only to persons eligible to review such information.

8       20.  **Copies of Confidential Materials**:  Nothing herein shall restrict a qualified recipient

9  from making working copies, abstracts, digests and analyses of Confidential Material for use in

10  connection with this litigation, and such working copies, abstracts, digests and analyses shall be

11  deemed to have the same level of protection under the terms of this Protective Order.  Further,

12  nothing herein shall restrict a qualified recipient from converting or translating such information

13  into machine-readable form for incorporation in a data retrieval system used in connection with this

14  litigation, provided that access to such information, whatever form stored or reproduced, shall be

15  limited to qualified recipients.

16       21.  **Custody of Confidential Materials**:  Documents or information designated

17  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be maintained in the custody of counsel

18  for the parties, except that:  (a) any court reporter who transcribes testimony given in this action

19  may maintain any such designated documents for the purpose of rendering his or her normal

20  transcribing services; and (b) partial or complete copies of these documents may be retained by

21  persons entitled to access of such documents under the terms of this Protective Order to the extent

22  necessary for their study, analysis and preparation of the case.  A person with custody of documents

23  designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall maintain them in a manner

24  that limits access to those persons entitled under this Protective Order to examine the documents so

25  designated.

26       22.  **Procedure in Event of Non-Permitted Disclosure**:  Should any document or

27  information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" be disclosed,

28  through inadvertence or otherwise, to any person or party not authorized under this Protective

1   Order, then the party responsible for the inadvertent disclosure shall use its best efforts to bind such

2   person to the terms of this Protective Order; and shall (a) promptly inform such person of all the

3   provisions of this Protective Order; (b) request such person to sign the agreement in the form

4   attached hereto as Exhibit A; and (c) identify such person immediately to the Disclosing Party that

5   designated the document as confidential.  The executed agreement shall promptly be served upon

6   the party that designated the document as confidential.

7       23.    **Limited Scope**:  The purpose of this Protective Order is to facilitate discovery in this

8   litigation, and in no manner shall it affect the application of any state or federal law regarding

9   confidentiality of information.

10      24.    **No Waiver of Privilege or Work Product**:  The terms of this Protective Order shall

11  in no way affect a Disclosing Party's right to:  (a) withhold information on grounds of immunity

12  from discovery such as, for example, attorney/client privilege or the work-product doctrine, or (b)

13  reveal or disclose to anyone any documents or information designated by that party as

14  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and containing no information designated by

15  another party or third party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

16      25.    **No Application to Public or Otherwise Available Information**:  The restrictions

17  and obligations set forth herein relating to information designated "CONFIDENTIAL" or

18  "HIGHLY CONFIDENTIAL" shall not apply to any information which:  (a) the parties agree, or

19  the Court rules, is already public knowledge; (b) the parties agree, or the Court rules, has become

20  public knowledge other than as a result of disclosure by a Receiving Party, its employees or agents

21  in violation of this Protective Order; or (c) has come or shall come into a Receiving Party's

22  legitimate possession independently of the producing party.  Such restrictions and obligations shall

23  not be deemed to prohibit discussions with any person of any information designated

24  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" if that person already has or obtains

25  legitimate possession thereof.

26      26.    **Conclusion of Litigation**:  Unless counsel agrees otherwise in writing, within ninety

27  (90) days of the final disposition of this action including any appeals, the attorneys for the parties

28  shall return promptly to the Disclosing Party from whom they were obtained, all documents, other

- 11 -

1    than attorney work-product, which have been designated "CONFIDENTIAL" or "HIGHLY

2    CONFIDENTIAL," or destroy same, and return or destroy all copies made thereof, including all

3    documents, or copies provided by a Receiving Party to any other person. At the conclusion of the

4    90-day period, counsel for each party shall represent in writing under penalty of perjury that to his

5    or her knowledge and belief the party has either returned or destroyed all Confidential Material in

6    accordance with this order. Notwithstanding the foregoing, counsel for the parties shall be

7    permitted to retain a file copy of materials created during the course of the litigation, or made part

8    of the record, or which have been filed under seal with the Clerk of the Court and a copy of all

9    depositions, including exhibits, and deposition evaluations. Such file copies must be maintained

10   under the conditions of "HIGHLY CONFIDENTIAL" documents as set out herein.

11       27.    **Subpoenas in Other Actions**: In the event any person or Receiving Party having

12   possession, custody or control of any document or information produced in this action and

13   designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by a Disclosing Party receives a

14   subpoena or other process or order to produce such information, such subpoenaed person or entity

15   shall notify by mail (via overnight delivery) the attorneys of record of the Disclosing Party claiming

16   such confidential treatment of the document sought by such subpoena or other process or order,

17   shall furnish those attorneys with a copy of said subpoena or other process or order, and shall

18   cooperate with respect to any procedure sought to be pursued by the party whose interest may be

19   affected. The Disclosing Party asserting the confidential treatment shall have the burden of

20   defending against such subpoena, process or order. Subject to any reasonable procedure sought to

21   be pursued by the party whose interest may be affected, the person or party receiving the subpoena

22   or other process or order shall be entitled to comply with it except to the extent the Disclosing Party

23   asserting the confidential treatment is successful in obtaining an order modifying or quashing it.

24       28.    **Continuing Jurisdiction**: The Court retains jurisdiction even after termination of

25   this action to enforce this Protective Order and to make such amendments, modifications, deletions

26   and additions to this Protective Order as the Court may from time to time deem appropriate. The

27   disclosing parties reserve all rights to apply to the Court at any time, before or after termination of

28   this action, for an order: (i) modifying this Protective Order, (ii) seeking further protection against

- 12 -

1   discovery or use of CONFIDENTIAL INFORMATION, including HIGHLY CONFIDENTIAL

2   INFORMATION, or other documents or information, or (iii) seeking further production, discovery,

3   disclosure or use of claimed CONFIDENTIAL INFORMATION, including HIGHLY

4   CONFIDENTIAL INFORMATION, or other documents or information.

5       29.    **Obligations to Third Parties**:  If the discovery process calls for the production of

6   information that a party does not wish to produce because the party believes its disclosure would

7   breach an express or implied agreement with a non-party to maintain such information in

8   confidence, the Disclosing Party shall give written notice to the non-party that its information is

9   subject to discovery in this litigation, and shall provide the non-party with a copy of this Protective

10  Order.  When such written notice is given to the non-party, the Disclosing Party will advise the

11  potential Receiving Party that such notice has been given.  The parties shall cooperate with each

12  other and the non-party in attempting to resolve any disputes over disclosure and with each other in

13  bringing unresolved disputes before the Court for resolution.

14      30.    **Headings:**  The headings herein are provided only for the convenience of the parties,

15  and are not intended to define or limit the scope of the express terms of this Protective Order.

16

17                              **ORDER**

18  IT IS SO ORDERED.

19  DATED: _____, 2007

20                                          _____
                                            The Honorable Saundra Brown Armstrong
                                            United States District Judge

21

22  APPROVED AS TO FORM:

23  Dated: June 28, 2007                    LUCE, FORWARD, HAMILTON & SCRIPPS LLP

24

25                                          By: _____

26                                              Jeffrey D. Wexler
                                                Attorneys for Plaintiff
27                                              Instant Media, Inc.

28

- 13 -

1

Dated:  June 28, 2007

ARNOLD & PORTER LLP

2

3

By: _____

4

Charles C. Cavanagh
Attorneys for Defendant
Microsoft Corporation

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 14 -

# EXHIBIT A

1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

10
11
12
13
14
15
16

| | |
|---|---|
| INSTANT MEDIA, INC., a Delaware corporation,<br><br>          Plaintiff,<br><br>    v.<br><br>MICROSOFT CORPORATION, a Washington corporation,<br><br>          Defendant. | Case No. CV 07-02639 SBA<br><br>**EXHIBIT A TO STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |

17
18
19

**AGREEMENT CONCERNING INFORMATION COVERED BY**

**PROTECTIVE ORDER ENTERED IN THE UNITED STATES**

**DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

20
21
22
23
24
25
26
27

     The undersigned hereby acknowledges that, on _____, he/she has received and read the Protective Order entered in the matter of *Instant Media, Inc. v. Microsoft Corporation*, Case No. 07-02639 SBA, pending in the United States District Court for the Northern District of California, and understands its terms and agrees to be bound by each of those terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or to disclose any confidential information made available to him/her other than in accordance with said Order. The undersigned further submits to jurisdiction of this Court for purposes of the Protective Order,

28

including, without limitation, any proceedings relating to the performance under, compliance with or violation of this Order in this action.


Dated: _____


By:_____
(signature line)


_____
(type or print name of individual)


Of:_____
    (name of employer)


437589

Case No. C 07-02639 SBA
[Proposed] Protective Order Regarding Confidential Information

PROOF OF SERVICE

Instant Media, Inc. v. Microsoft Corporation

U.S.D.C. Case No. C 07-02639 SBA

I, Pamela J. Tanigawa, declare as follows:

I am employed by the firm of Arnold & Porter, LLP, whose address is 777 South Figueroa Street, 44th Floor, Los Angeles, California 90017-5844.  I am over the age of 18 and not a party to the within action.  On **June 28, 2007**, by electronic transmission via the ECF System of the United States District Court, Northern California, I served the following document described as **[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** on the interested parties in this action who are registered for e-filing in the within action.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct to the best of my knowledge.  Executed in Los Angeles, California on **June 28, 2007**.

Pamela J. Tanigawa