ARNOLD & PORTER LLP
Suzanne V. Wilson (State Bar #152399)
suzanne.wilson@aporter.com
Charles C. Cavanagh (State Bar #198468)
charles.cavanagh@aporter.com
Elizabeth G. Frank (State Bar #245676 )
elizabeth.frank@aporter.com
777 South Figueroa Street, 44th Floor
Los Angeles, California  90017-5844
Telephone:  (213) 243-4000
Facsimile:  (213) 243-4199

Catherine R. Rowland (Admitted *Pro Hac Vice*)
catherine.rowland@aporter.com
555 Twelfth Street, N.W.
Washington, D.C.  20004
Telephone:  (202) 942-5000
Facsimile:  (202) 942-5999

*Attorneys for Defendant Microsoft Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| INSTANT MEDIA, INC., a Delaware corporation,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MICROSOFT CORPORATION, a Washington corporation,<br><br>　　　　　　Defendant. | Case No. C 07-02639 SBA<br><br>**DEFENDANT MICROSOFT CORPORATION'S OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFF INSTANT MEDIA, INC. IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION**<br><br>Motion Date:　July 24, 2007<br>Time:　　　　1:00 pm<br>Courtroom:　3<br>Judge:　　　Hon. Saundra Brown Armstrong |

1  Defendant Microsoft Corporation ("Microsoft") hereby objects to the following evidence presented by plaintiff Instant Media, Inc. ("Instant Media") in connection with its Motion for Preliminary Injunction set for hearing on July 24, 2007, before this Court.  Microsoft objects to certain evidence proffered by Instant Media on the grounds it is objectionable for the purposes for which it is offered in connection with this motion.  Microsoft reserves all other objections to the evidence, if subsequently offered for any purpose, including at trial.

| Evidence | Objection |
|---|---|
| Declaration of Andrew Leak, ¶ 33, lines 1-3. | 1. Fed. R. Evid. 1002.  Mr. Leak's declaration that "Since Microsoft launched its campaign using the **I'M** [sic] mark, Instant Media has received a number of phone calls and website inquiries from a number of consumers with questions concerning instant messaging," standing alone, violates the best evidence rule.  If Instant Media received phone calls and website inquiries, it should have submitted copies of written inquiries and telephone notes, including declarations of the people who engaged in these phone calls, in support of its motion. |
| Declaration of Andrew Leak, ¶ 33, lines 1-3. | 2. Fed. R. Evid. 802.  To the extent that Mr. Leak purports to summarize the content of "a number of phone calls and website inquiries," the statement constitutes inadmissible hearsay.  A declaration summarizing emails or phone calls is inadmissible hearsay due to the inability to cross-examine the customer regarding the source of the confusion.  *See, e.g.*, *Duluth News-Tribune v. Mesabi Publ'g Co.*, 84 F.3d 1093, 1098 (8th Cir. 1996) ("vague evidence of misdirected phone calls and mail is hearsay of a particularly unreliable nature given the lack of an opportunity for cross-examination of the caller or sender regarding the reason for the 'confusion'"); *Alchemy II v. Yes! Entm't Corp.*, 844 F. Supp. 560, 569-70 (C.D. Cal. 1994) (excluding hearsay evidence of |

| | |
|---|---|
| | telephone calls from customers); *Holiday Inns, Inc. v. Holiday Out In Am.*, 351 F. Supp. 537, 541-42 (S.D. Fla. 1972).  If Mr. Leak personally received the phone calls and read the website inquiries to which he refers, then his statement is hearsay.  To the extent that Mr. Leak is summarizing what other employees of Instant Media told him about such phone calls and website inquiries, his statement is double hearsay. |
| Declaration of Andrew Leak, ¶ 33, lines 1-3. | 3.  Mr. Leak's declaration is also impermissibly vague.  Mr. Leak states that "Instant Media has received <u>*a number*</u> of phone calls and website inquiries from <u>*a number*</u> of consumers."  However, Mr. Leak's declaration provides no information regarding the number of calls and inquiries, the content of the calls and inquiries, or what quantities and types of calls and inquiries Instant Media received prior to Microsoft's launch of the "**i'm**" initiative. |
| Declaration of Andrew Leak, ¶¶ 22-27. | 4.  Fed. R. Evid. 602.  These paragraphs of Mr. Leak's declaration contain numerous statements regarding the nature of Microsoft's business and its marketing strategies.  Such statements lack foundation because Mr. Leak's declaration does not demonstrate that he has personal knowledge regarding Microsoft's business or its marketing strategies. |

Microsoft respectfully requests that the Court sustain the above objections and strike the above-referenced evidence.

Dated: July 3, 2007

ARNOLD & PORTER
Suzanne V. Wilson


By: /s/ Suzanne V. Wilson
    Suzanne V. Wilson
    Attorneys for Defendant
    Microsoft Corporation

437789

- 2 -

PROOF OF SERVICE

Instant Media, Inc. v. Microsoft Corporation

U.S.D.C. Case No. C 07-02639 SBA

I, Pamela J. Tanigawa, declare as follows:

I am employed by the firm of Arnold & Porter, LLP, whose address is 777 South Figueroa Street, 44th Floor, Los Angeles, California 90017-5844. I am over the age of 18 and not a party to the within action. On **July 3, 2007**, by electronic transmission via the ECF System of the United States District Court, Northern California, I served the following document described as **DEFENDANT MICROSOFT CORPORATION'S OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFF INSTANT MEDIA, INC. IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION** on the interested parties in this action who are registered for e-filing in the within action.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct to the best of my knowledge. Executed in Los Angeles, California on **July 3, 2007**.

*Gloria Turner*
Gloria Turner

#438218