# Exhibit E

| | |
|---|---|
| **To:** | Microsoft Corporation (BillF.docketing@SeedIP.com) |
| **Subject:** | TRADEMARK APPLICATION NO. 77117453 - I'M - 660005.20265 |
| **Sent:** | 6/17/2007 9:27:32 PM |
| **Sent As:** | ECOM117@USPTO.GOV |
| **Attachments:** | Attachment - 1<br>Attachment - 2<br>Attachment - 3<br>Attachment - 4 |

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO**:   77/117453

**MARK**: I'M

**\*77117453\***

**CORRESPONDENT ADDRESS**:
   WILLIAM O. FERRON, JR.
   SEED IP LAW GROUP PLLC
   701 5TH AVE STE 5400
   SEATTLE, WA 98104-7064

**RESPOND TO THIS ACTION:**
http://www.uspto.gov/teas/eTEASpageD.htm

**GENERAL TRADEMARK INFORMATION:**
http://www.uspto.gov/main/trademarks.htm

**APPLICANT**:   Microsoft Corporation

**CORRESPONDENT'S REFERENCE/DOCKET NO**:
   660005.20265

**CORRESPONDENT E-MAIL ADDRESS**:
   BillF.docketing@SeedIP.com

## OFFICE ACTION

TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE ISSUE/MAILING DATE.

**ISSUE/MAILING DATE: 6/17/2007**

The assigned examining attorney has reviewed the referenced application and has determined the following.

**I.      SEARCH OF THE OFFICE RECORDS**

**Application Refused--Section 2(d) Refusal—Likelihood of Confusion**
The examining attorney refuses registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d), because the applicant's mark, when used on or in connection with the identified goods and/or services, so resembles the mark in U.S. Registration No. 2646222 as to be likely to cause confusion, to cause mistake, or to deceive. TMEP §1207.01 *et seq.* (Please see the enclosed registration.)

The examining attorney must analyze each case in two steps to determine whether there is a likelihood of confusion. First, the examining attorney must look at the marks themselves for similarities in appearance, sound, connotation and commercial impression. *In re E. I. DuPont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (CCPA 1973). Second, the examining attorney must compare the goods or services to determine if they are related or if the activities surrounding their marketing are such that confusion as to origin is likely. *In re August Storck KG*, 218 USPQ 823 (TTAB 1983); *In re International Telephone and Telegraph Corp.*, 197 USPQ 910 (TTAB 1978); *Guardian Products Co., v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978). TMEP section 1207.01 *et seq.*

The applicant's proposed mark is I'M (stylized); the registered mark is "IM".

Comparison of the Respective Marks
The examining attorney must compare the marks for similarities in sound, appearance, meaning or connotation. *In re E. I. DuPont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (CCPA 1973). Similarity in any one of these elements is sufficient to find a likelihood of confusion. *In re Mack*, 197 USPQ 755 (TTAB 1977). TMEP §§1207.01(b) *et seq.*

The test of likelihood of confusion is not whether the marks can be distinguished when subjected to a side#by#side comparison. The issue is whether the marks create the same overall impression. *Visual Information Institute, Inc. v. Vicon Industries Inc.*, 209 USPQ 179 (TTAB 1980). The focus is on the recollection of the average purchaser who normally retains a general rather than specific impression of trademarks. *Chemetron Corp. v. Morris Coupling & Clamp Co.*, 203 USPQ 537 (TTAB 1979); *Sealed Air Corp. v. Scott Paper Co.*, 190 USPQ 106 (TTAB 1975); TMEP §1207.01(b).

The examining attorney refuses registration of the proposed mark I'M (stylized) on the grounds that it will cause a likelihood of confusion with the registered "IM" mark. The applicant's proposed mark so resembles the registered mark as to render confusion as to source likely. Indeed, the marks are identical. Similarity in sound alone is sufficient to find a likelihood of confusion. *Molenaar, Inc. v. Happy Toys Inc.*, 188 USPQ 469 (TTAB 1975); *In re Cresco Mfg. Co.*, 138 USPQ 401 (TTAB 1963). TMEP §1207.01(b)(iv). Because the applicant's proposed mark so resembles the registered mark in relation to sound, appearance, and meaning, confusion as to source is likely.

Comparison of the Respective Goods and/or Services
The goods and/or services of the parties need not be identical or directly competitive to find a likelihood of confusion. Instead, they need only be related in some manner, or the conditions surrounding their marketing be such that they could be encountered by the same purchasers under circumstances that could give rise to the mistaken belief that the goods and/or services come from a common source. *On-line Careline Inc v. America Online Inc.*, 229 F.3d 1080, 56 USPQ2d 1471 (Fed. Cir. 2000); *In re Martin's Famous Pastry Shoppe, Inc.*, 748 F.2d 1565, 223 USPQ 1289 (Fed. Cir. 1984); *In re Melville Corp.*, 18 USPQ2d 1386, 1388 (TTAB 1991); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985); *In re Rexel Inc.*, 223 USPQ 830 (TTAB 1984); *Guardian Prods. Co., Inc. v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978); *In re Int'l Tel. & Tel. Corp.*, 197 USPQ 910 (TTAB 1978); TMEP §1207.01(a)(i).

If the marks of the respective parties are identical or highly similar, the relationship between the goods and/or services of the respective parties need not be as close to support a finding of likelihood of confusion as might apply where differences exist between the marks. *Century 21 Real Estate Corp. v. Century Life of America,* 970 F.2d 874, 877, 23 USPQ2d 1698, 1701 (Fed. Cir. 1992), *cert. denied* 506 U.S. 1034 (1992); *In re Opus One Inc.*, 60 USPQ2d 1812, 1815 (TTAB 2001); *Amcor, Inc. v. Amcor Industries, Inc.*, 210 USPQ 70 (TTAB 1981); TMEP §1207.01(a).

The examining attorney refuses registration of the mark I'M (stylized) because the channels of trade in which the applicant's services travel are similar to those used by the registrant. The applicant's goods are identified as generally as computer software for connecting users to web messaging services and for voice and video transmissions over the Internet and wireless networks. The services named in the registration comprise "radio transmission routing services conducted via a website on a global computer network."

The Court of Appeals for the Federal Circuit and the Trademark Trial and Appeal Board have held that various electronic goods are sufficiently related to technology related services that a likelihood of confusion exists under Trademark Act Section 2(d), 15 U.S.C. §1052(d) when the marks at issue are otherwise identical or highly similar. *See Hewlett-Packard Co. v. Packard Press Inc.*, 281 F.3d 1261, 62 USPQ2d 1001 (Fed. Cir. 2002) ("electronic transmission of data and documents via electronic terminals" found to be "very similar" to registrations covering facsimile machines, computers, and computer software; "conversion from one media form to another media" found to be similar to registrations covering programs for information manipulation and apparatus for data acquisition and processing); *MSI Data Corp. v. Microprocessor Systems, Inc.*, 220 USPQ 655, 658 (TTAB 1983) ("computer hardware manufacturing services to the order of or specification of others" held likely to be confused with "electronic ordering systems for gathering and transmitting source data comprising a recorder-transmitter and data receiver" used in connection with identical mark); *See Communications Satellite Corp. v. Comcet, Inc.*, 429 F.2d 1245, 166 USPQ 353 (4th Cir. 1970), *cert. denied*, 400 U.S. 942 (1970) (COMSAT for satellite services and COMCET for computers held likely to be confused in that computers can be used to receive data transmitted by satellites). In this case, the applicant's software is used to make voice and video transmissions over the Internet and wireless networks. As such, the applicant's goods could be used by the registrant to conduct its radio transmission and routing services over a global computer network.. Therefore, the examining attorney finds that the applicant's internet transmission software is related to the internet transmission services offered by the registrant. This is especially true considering that the marks of the respective parties are identical or highly similar. In such a case, the relationship between the goods and services of the respective parties need not be as close to support a finding of likelihood of confusion as might apply where differences exist between the marks. *Century 21 Real Estate Corp. v. Century Life of America,* 970 F.2d 874, 877, 23 USPQ2d 1698, 1701 (Fed. Cir. 1992), *cert. denied* 506 U.S. 1034 (1992); *In re*

*Opus One Inc.*, 60 USPQ2d 1812, 1815 (TTAB 2001); *Amcor, Inc. v. Amcor Industries, Inc.*, 210 USPQ 70 (TTAB 1981); TMEP §1207.01(a).

Given that the respective marks are highly similar and that the respective goods and services are related, it is likely that consumers will be confused as to the ultimate source of these services and associate the registered mark with the applicant's proposed mark. Accordingly, the examining attorney refuses registration of the applicant's proposed mark.

Although the examining attorney has refused registration, the applicant may respond to the refusal to register by submitting evidence and arguments in support of registration.

**Prior Pending Application**
During the search of the Office records, the examining attorney discovered a prior **pending** application that may conflict with the applicant's mark. The examining attorney encloses information regarding pending Application Serial No. 78919227. 37 C.F.R. §2.83.

There may be a likelihood of confusion between the applicant's mark and the mark in the above noted application under Section 2(d) of the Act. The effective filing date of the referenced application precedes the applicant's filing date. If the earlier#filed application matures into a registration, the examining attorney may refuse registration under Section 2(d). TMEP §§*1208 et seq*. Therefore, upon entrance of a response to this office action, the examining attorney may suspend this application based on the earlier-filed application.

If applicant believes there is no potential conflict between this application and the earlier-filed application, then applicant may present arguments relevant to the issue in a response to this Office action. The election not to submit arguments at this time in no way limits applicant's right to address this issue at a later point.

**Applicant's Response**
No set form is required for response to this Office action. When responding to this Office action, the applicant must make sure to respond in writing to each refusal and requirement raised. The applicant must sign and date the response. In addition, the applicant should also include the following information on all correspondence with the Office: (1) the name and law office number of the examining attorney; (2) the serial number of this application; (3) the mailing date of this Office action; and, (4) the applicant's telephone number to speed up further processing.

Applicants, registration owners, attorneys and other Trademark customers are strongly encouraged to correspond with the USPTO online via the Trademark Electronic Application System (TEAS), at www.uspto.gov.

If the applicant has any questions or needs assistance in responding to this Office action, please telephone the assigned examining attorney.

/Michael Tanner/

Michael Tanner

Trademark Attorney

Law Office 117

Telephone: 571-272-9706

**RESPOND TO THIS ACTION:** If there are any questions about the Office action, please contact the assigned examining attorney. A response to this Office Action should be filed using the Office's Response to Office action form available at http://www.uspto.gov/teas/eTEASpageD.htm. If notification of this Office action was received via e-mail, no response using this form may be filed for 72 hours after receipt of the notification. **Do not attempt to respond by e-mail as the USPTO does not accept e-mailed responses.**

If responding by paper mail, please include the following information: the application serial number, the mark, the filing date and the name, title/position, telephone number and e-mail address of the person signing the response. Please use the following address: Commissioner for Trademarks, P.O. Box 1451, Alexandria, VA 22313-1451.

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov. When conducting an online status check, print and maintain a copy of the complete TARR screen. If the status of your application has not changed for more than six months, please contact the assigned examining attorney.

Print: Jun 12, 2007                    75743979

**TYPED DRAWING**

**Serial Number**
75743979

**Status**
REGISTERED

**Word Mark**
"IM"

**Standard Character Mark**
No

**Registration Number**
2646222

**Date Registered**
2002/11/05

**Type of Mark**
TRADEMARK; SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(1) TYPED DRAWING

**Owner**
SonicBox, Inc. CORPORATION CALIFORNIA 2326 Jewell Place Mountain View
CALIFORNIA 94043

**Goods/Services**
Class Status -- ACTIVE. IC 038. US 100 101 104. G & S: Radio
transmission routing services conducted via a website on a global
computer network. First Use: 1999/09/00. First Use In Commerce:
1999/09/00.

**Goods/Services**
Class Status -- ACTIVE. IC 009. US 021 023 026 036 038. G & S:
COMPUTER PERIPHERALS FOR COMPUTERS WITH ACCESS TO GLOBAL COMPUTER
NETWORK, RADIO RECEIVERS, COMPUTER SOFTWARE FOR CONNECTING GLOBAL
COMPUTER NETWORKS, AND COMPUTER SOFTWARE FOR CONNECTING COMPUTER
NETWORK USERS. First Use: 1999/09/00. First Use In Commerce:
2000/07/05.

**Filing Date**
1999/07/06

**Examining Attorney**

**Print: Jun 12, 2007**          **75743979**

SPRUILL, DARRYL

**Attorney of Record**
K. David Crockett

Print: Jun 12, 2007　　　　　　　　78919227　　　　　　　　Issue: Jul 3, 2007

## DESIGN MARK

**Serial Number**
78919227

**Status**
PUBLICATION/ISSUE REVIEW COMPLETE

**Word Mark**
I'M

**Standard Character Mark**
Yes

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Instant Media, Inc. CORPORATION DELAWARE 1032 Elwell Court, Suite 220 Palo Alto CALIFORNIA 94303

**Goods/Services**
Class Status -- ACTIVE. IC 009. US 021 023 026 036 038. G & S: Software for receiving, accessing, extracting, encoding, decoding, storing, organizing, managing, viewing and outputting audio, video and audiovisual data; software for subscribing to news, information, audio, video and audiovisual programs, and news feeds for use by subscribers; software for providing access to the Internet; software implementing Internet Protocol television, television and movie subscription services; software for conducting commercial transactions, namely computer e-commerce software to allow users to perform electronic financial and retail business transactions via a global computer network. First Use: 2006/05/15. First Use In Commerce: 2006/05/15.

**Filing Date**
2006/06/28

**Examining Attorney**
POWELL, LINDA

**Attorney of Record**
Mitchell P. Brook, Esq.

I'M



| | |
|---|---|
| **To:** | Microsoft Corporation (BillF.docketing@SeedIP.com) |
| **Subject:** | TRADEMARK APPLICATION NO. 77117453 - I'M - 660005.20265 |
| **Sent:** | 6/17/2007 9:27:33 PM |
| **Sent As:** | ECOM117@USPTO.GOV |
| **Attachments:** | |

## IMPORTANT NOTICE
### USPTO OFFICE ACTION HAS ISSUED ON 6/17/2007 FOR APPLICATION SERIAL NO. 77117453

Please follow the instructions below to continue the prosecution of your application:

**VIEW OFFICE ACTION:** Click on this link **http://portal.uspto.gov/external/portal/tow?DDA=Y&serial_number=77117453&doc_type=OOA&mail_date=2007061** (or copy and paste this URL into the address field of your browser), or visit **http://portal.uspto.gov/external/portal/tow** and enter the application serial number to **access** the Office action.

**PLEASE NOTE**: The Office action may not be immediately available but will be viewable within 24 hours of this notification.

**RESPONSE MAY BE REQUIRED:** You should carefully review the Office action to determine (1) if a response is required; (2) how to respond; and (3) the applicable **response time period**. Your response deadline will be calculated from **6/17/2007**.

Do NOT hit "Reply" to this e-mail notification, or otherwise attempt to e-mail your response, as the USPTO does NOT accept e-mailed responses. Instead, the USPTO recommends that you respond online using the Trademark Electronic Application System response form at **http://www.uspto.gov/teas/eTEASpageD.htm**.

**HELP:** For *technical* assistance in accessing the Office action, please e-mail **TDR@uspto.gov**. Please contact the assigned examining attorney with questions about the Office action.

## WARNING

**1. The USPTO will NOT send a separate e-mail with the Office action attached.**

**2. Failure to file any required response by the applicable deadline will result in the ABANDONMENT of your application.**

*** User:mtanner ***

| # | Total Marks | Dead Marks | Live Viewed Docs | Live Viewed Images | Status/ Search Duration | Search |
|---|---|---|---|---|---|---|
| 01 | 1880 | N/A | 0 | 0 | 0:02 | ("i'm"or "i am")[bi,ti] |
| 02 | 2533 | N/A | 0 | 0 | 0:01 | ("i'm" or "i am")[bi,ti] |
| 03 | 919 | N/A | 0 | 0 | 0:03 | 2 and "036"[cc] |
| 04 | 438 | 219 | 219 | 166 | 0:05 | 2 and ("036" or "009" or "038" "a" "b" "200")[ic] |
| 05 | 1566 | N/A | 0 | 0 | 0:01 | "im"[bi,ti] |
| 06 | 1498 | N/A | 0 | 0 | 0:02 | "i m"[bi,ti] |
| 07 | 113 | N/A | 0 | 0 | 0:01 | "im"[fm] |
| 08 | 0 | 0 | 0 | 0 | 0:01 | "i m"[fm] |
| 09 | 2330 | N/A | 0 | 0 | 0:03 | i$1m[bi,ti] |
| 10 | 497 | N/A | 0 | 0 | 0:02 | i$1m[fm] |
| 11 | 236 | 135 | 97 | 59 | 0:02 | 10 and "036"[cc] |
| 12 | 164022 | N/A | 0 | 0 | 0:01 | 39[dm] |
| 13 | 1141 | N/A | 0 | 0 | 0:01 | 12 and (9 or 5 or 6 or 2 or 3) |
| 14 | 1083 | N/A | 0 | 0 | 0:02 | 12 and (9 or 5 or 6) |
| 15 | 1062 | N/A | 0 | 0 | 0:01 | 12 and (9 or 5) |
| 16 | 324 | 162 | 1 | 1 | 0:02 | 13 and "036"[cc] |
| 17 | 576 | N/A | 0 | 0 | 0:02 | 13 and ("036" or "009")[cc] |
| 18 | 114 | 57 | 57 | 48 | 0:02 | 13 and ("036" or "009" or "038" "a" "b" "200")[ic] |
| 19 | 394 | N/A | 0 | 0 | 0:01 | 10 and ("036" or "009")[cc] |
| 20 | 158 | 90 | 68 | 41 | 0:01 | 19 not 11 |
| 21 | 509 | N/A | 0 | 0 | 0:03 | 5 and "036"[cc] |
| 22 | 278 | 149 | 129 | 99 | 0:02 | 5 and ("036" or "009" or "038" "a" "b" "200")[ic] |
| 23 | 833 | N/A | 0 | 0 | 0:01 | 6 and ("036" or "009")[cc] |
| 24 | 226 | 126 | 100 | 73 | 0:01 | 6 and ("036" or "009" or "038" "a" "b" "200")[ic] |
| 25 | 1531 | N/A | 0 | 0 | 0:02 | 9 and ("036" or "009")[cc] |
| 26 | 578 | N/A | 0 | 0 | 0:02 | 9 and ("036" or "009" or "038" "a" "b" "200")[ic] |
| 27 | 387 | 200 | 187 | 143 | 0:01 | 26 not (11 or 20) |
| 28 | 0 | 0 | 0 | 0 | 0:02 | "i am"[fm] |
| 29 | 113 | N/A | 0 | 0 | 0:01 | "i'm"[fm] |
| 30 | 36 | 24 | 12 | 11 | 0:02 | 29 and ("036" or "009" or "038" "a" "b" "200")[ic] |

Session started 6/12/2007 1:21:45 PM
Session finished 6/12/2007 1:46:54 PM
Total search duration 0 minutes 53 seconds
Session duration 25 minutes 9 seconds
Defaut NEAR limit=1 ADJ limit=1
Sent to TICRS as Serial Number: 77117453