# Exhibit Z

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:** 78/415899

**APPLICANT:**          Instant Media Inc.

# *78415899*

**CORRESPONDENT ADDRESS:**
    Mitchell P. Brook
    Luce, Forward, Hamilton & Scripps LLP
    11988 El Camino Real, Suite 200
    San Diego, CA 92130

**RETURN ADDRESS:**
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

**MARK:**          I'M

**CORRESPONDENT'S REFERENCE/DOCKET NO:**   31876-2-T5

**CORRESPONDENT EMAIL ADDRESS:**

Please provide in all correspondence:

1. Filing date, serial number, mark and
   applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and
   Law Office number.
4. Your telephone number and e-mail address.

# OFFICE ACTION

**TO AVOID ABANDONMENT, WE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF OUR MAILING OR E-MAILING DATE.**

Serial Number  78/415899

The assigned examining attorney has reviewed the referenced application and has determined the following.

## I.          SEARCH OF THE OFFICE RECORDS

### Application Refused--Section 2(d) Refusal—Likelihood of Confusion

The examining attorney refuses registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d), because the applicant's mark, when used on or in connection with the identified goods and/or services, so resembles the marks in U.S. Registration Nos. 2764153, 2646222, 1447228, 2894498, 2458499, 1515212, 2085654, and 2328297 as to be likely to cause confusion, to cause mistake, or to deceive. TMEP §§1207.01 *et seq.* (Please see the enclosed registrations.)

The examining attorney must analyze each case in two steps to determine whether there is a likelihood of confusion. First, the examining attorney must look at the marks themselves for similarities in appearance, sound, connotation and commercial impression. *In re E. I. DuPont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (CCPA 1973). Second, the examining attorney must compare the goods or services to determine if they are related or if the activities surrounding their marketing are such that confusion as to origin is likely. *In re August Storck KG*, 218 USPQ 823 (TTAB 1983); *In re International Telephone and Telegraph Corp.*, 197 USPQ 910 (TTAB 1978); *Guardian Products Co., v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978). TMEP §§1207.01 *et seq.*

The applicant's proposed mark is I'M, the registered marks are IM (and design), "IM", IM (and design), I-AM, I AM. . ., IAM, IM (and design), and IM (stylized and design).

<u>Comparison of the Respective Marks</u>
When making a similarity comparison for purposes of Section 2(d) analysis, the marks must be viewed in their entireties. Nevertheless, one feature of a mark may be recognized as more significant in creating a commercial impression. For this reason, greater weight is given to that dominant feature in determining whether there is a likelihood of confusion. *In re National Data Corp.*, 224 USPQ 749 (Fed. Cir. 1985); *Tektronix, Inc. v. Daktronics, Inc.*, 534 F.2d 915, 189 USPQ 693 (CCPA 1976). *In re J.M. Originals Inc.*, 6 USPQ2d 1393 (TTAB 1988). TMEP §1207.01(b)(viii). The dominant source-indicating portion of both the applicant's proposed mark and the registered marks is the term "IM" or its phonetic equivalent, "I AM."

Registration of the proposed mark I'M is refused on the grounds that it will cause a likelihood of confusion with the cited registrations because the source-indicating portion of the applicant's proposed mark has a similar sound, appearance, and meaning as that of the registered mark. Similarity in sound alone is sufficient to find a likelihood of confusion. *Molenaar, Inc. v. Happy Toys Inc.*, 188 USPQ 469 (TTAB 1975); *In re Cresco Mfg. Co.*, 138 USPQ 401 (TTAB 1963). TMEP §1207.01(b)(iv). Even slight differences in the sound of similar marks will not avoid a likelihood of confusion. *In re Energy Telecomm. & Electrical Ass'n*, 222 USPQ 350 (TTAB 1983).

When a mark consists of a word portion and a design portion, the word portion is more likely to be impressed upon a purchaser's memory and to be used in calling for the goods or services. Therefore, the word portion is controlling in determining likelihood of confusion. *In re Dakin's Miniatures Inc.*, 59 USPQ2d 1593, 1596 (TTAB 1999); *In re Appetito Provisions Co.*, 3 USPQ2d 1553 (TTAB 1987); *Amoco Oil Co. v. Amerco, Inc.*, 192 USPQ 729 (TTAB 1976); TMEP §1207.01(c)(ii). Because the literal portion of respective marks are nearly identical in appearance, sound, and meaning, the addition of the design element does not obviate the similarity between the marks. *Coca#Cola Bottling Co. v. Joseph E. Seagram & Sons, Inc.*, 526 F.2d 556, 188 USPQ 105 (C.C.P.A. 1975). TMEP §§1207.01(b)(viii) and 1207.01(c)(ii). Accordingly, the applicant's mark so resembles the registered marks as to render confusion as to source likely.

<u>Comparison of the Respective Goods and/or Services</u>
The goods and/or services of the parties need not be identical or directly competitive to find a likelihood of confusion. Instead, they need only be related in some manner, or the conditions surrounding their marketing be such that they could be encountered by the same purchasers under circumstances that could give rise to the mistaken belief that the goods and/or services come from a common source. *In re Martin's Famous Pastry Shoppe, Inc.*, 748 F.2d 1565, 223 USPQ 1289 (Fed. Cir. 1984); *In re Melville Corp.*, 18 USPQ2d 1386, 1388 (TTAB 1991); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985); *In re Rexel Inc.*, 223 USPQ 830 (TTAB 1984); *Guardian Prods. Co., Inc. v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978); *In re Int'l Tel. & Tel. Corp.*, 197 USPQ 910 (TTAB 1978); TMEP §1207.01(a)(i).

The applicant's software products include operating system software, internet access software and any program that manipulates, stores, transmits, or handles audio, video, or audiovisual data. Given the broad nature of the applicant's computer programs, it is presumed that the application encompasses all software products of the type described, including the software programs more specifically identified in the cited registrations, that these products all move in the normal channels of trade, and that they are available for all potential customers. TMEP §1207.01(a)(iii). Thus, the applicant's software goods are either related to, or include the specific software programs identified in U.S. Registration Nos. 2764153 (IM and design), 1447228 (IM and design), 2894498 (I-AM), the internet access software listed in U.S. Registration No. 2646222 ("IM"), and the operating system software listed in U.S. Registration No. 1515212 (IAM). In addition, the applicant's advertising and promotional services encompass, or are closely related to, the advertising and promotional services specifically identified in U.S. Registration Nos. 2458499 (I AM...), 2085654 (IM and design), and 2328297 (IM stylized and design).

Given the similarity between the respective marks and the similarity between the goods and services and channels of trade, it is likely that, consumers will be confused as to the ultimate source of these products and services and associate the registered marks with the applicant's proposed mark. Therefore, the examining attorney refuses registration of the applicant's proposed mark.

Although the examining attorney has refused registration, the applicant may respond to the refusal to register by submitting evidence and arguments in support of registration

### Prior Pending Applications
During the search of the Office records the examining attorney discovered several prior **pending** applications that may conflict with the applicant's mark. The examining attorney encloses information regarding pending Application Serial Nos. 78008725 and 78350901. 37 C.F.R. §2.83.

There may be a likelihood of confusion between the applicant's mark and the mark in the above noted applications under Section 2(d) of the Act. The effective filing date of the referenced applications precede the applicant's filing date. If one or more than one of the earlier#filed applications mature into a registration, the examining attorney may refuse registration under Section 2(d). TMEP §§1208.01 and 1208.01(b).

Therefore, upon entrance of a response to this office action, the examining attorney may suspend this application based on the earlier-filed applications. If the applicant believes that there is no potential conflict between this application and the earlier-filed applications, the applicant may present arguments relevant to the issue in a request to remove the application from suspension. The election to file or not to file such a request at this time in no way limits the applicant's right to address this issue at a later point.

## II.    INFORMALITIES

If the applicant chooses to respond to the refusal to register, the applicant must also respond to the following issue(s):

### Applicant Improperly Identified the Goods and/or Services
The applicant has provided this Office with the following identification: "software for storing and organizing digital data; software for receiving, transmitting, extracting, encoding, decoding, viewing and outputting audio, video and audiovisual data; software for providing Internet access, providing search capabilities, conducting commercial transactions; computer operating system software; networking appliance for transmitting and receiving data between electronic devices; providing access to sites on the Internet," in International Class 009 and "Electronic retailing services via the internet and other

electronic communications networks, featuring general consumer merchandise, electronic devices, music, movies, video games and related merchandise; creating on-line promotions for others in the field entertainment; promoting the goods and services of others by providing advertisements and promotional displays for viewing on a consumer's computing or communications device; advertising services, namely distributing advertisements of others via the Internet or telephone," in International Class 035.

The wording "commercial transactions" in the current identification needs clarification because it could include goods and/or services classified in other international classes. In addition, the proper classification of the applicant's web site access products and/or services depends on their nature. If the applicant is providing software that allows a user to connect to the internet, the software is properly classified in International Class 009; if the applicant is providing access services to a global computer information network, the proper classification is International Class 038. The applicant must amend the recitation to specify the common commercial name of the goods and/or services. If there is no common commercial name for the products and/or services, the applicant must adequately describe the nature of the goods and/or services and indicate their intended use(s). TMEP §§1402.01, 1402.03, and 1402.11.

The applicant may amend the identification to substitute the following wording, if accurate:

Proposed identification for International Class 009:

Software for receiving, transmitting, extracting, encoding, decoding, viewing, storing, organizing, and outputting audio, video and audiovisual data; software for providing internet access; computer search engine software; computer operating system software; networking appliance, namely _____ [applicant must identify the appliance by its common commercial name i.e. router] for transmitting and receiving data between electronic devices; computer software for allowing a user to connect to sites on the internet; commercial transaction software, namely, _____ [applicant must identify the nature and purpose of the software i.e. computer e-commerce software to allow users to perform electronic business transactions via a global computer network].

Proposed identification for International Class 035:

Electronic retailing services via the internet and other electronic communications networks, featuring general consumer merchandise, electronic devices, music, movies, video games and related merchandise; developing on-line promotional campaigns for others in the field of entertainment; promoting the goods and services of others by providing advertisements and promotional displays for viewing on a consumer's computing or communications device; advertising services, namely distributing advertisements of others via the Internet or telephone; commercial transactions, namely, _____ [applicant must identify the nature of the transaction i.e. negotiation and settlement of commercial transactions for third parties].

Proposed identification for International Class 038:

Providing multiple-user access to sites on a global computer information network.

If the applicant adopts the proposed identifications, the applicant must prosecute this application as a multiple-class application and pay additional filing fees in the amount of $335 representing the one (1) additional class.

**Please Note:** While an application may be amended to clarify or limit the identification of goods and/or services, adding to or broadening the scope of the identification goods and/or services is not permitted. 37 C.F.R. §2.71(a); TMEP §1402.06. Therefore, the applicant may not amend the identification to include any products or services that are not within the scope of the goods and/or services originally set forth in the application.

THE OFFICE PROVIDES AN ONLINE IDENTIFICATION REFERENCE: In order to assist applicants properly identify goods and/or services, the Office now provides an online searchable database of acceptable identifications, along with their international classifications, in the *Manual of Acceptable Identifications of Goods and Services* at http://tess2.uspto.gov/netahtml/tidm.html.

**Applicant's Response**
No set form is required for response to this Office action. The applicant must respond to each point raised. The applicant must sign the response. In addition to the identifying information required at the beginning of this letter, the applicant should provide a telephone number to speed up further processing.

**NOTICE: TRADEMARK OPERATION RELOCATION**

The Trademark Operation has relocated to Alexandria, Virginia. Effective October 4, 2004, all Trademark-related paper mail (except documents sent to the Assignment Services Division for recordation, certain documents filed under the Madrid Protocol, and requests for copies of trademark documents) must be sent to:

**Commissioner for Trademarks**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**

Applicants, registration owners, attorneys and other Trademark customers are strongly encouraged to correspond with the USPTO online via the Trademark Electronic Application System (TEAS), at www.uspto.gov.

If the applicant has any questions or needs assistance in responding to this Office action, please telephone the assigned examining attorney.

/Michael Tanner/

Michael Tanner

Trademark Attorney

Law Office 102

Telephone: 571-272-9706

**How to respond to this Office Action:**

You may respond formally using the Office's Trademark Electronic Application System (TEAS) Response to Office Action form (visit http://eteas.uspto.gov/V2.0/oa242/WIZARD.htm and follow the instructions therein, but you must wait until at least 72 hours after receipt if the office action issued via e-mail).   PLEASE NOTE: Responses to Office Actions on applications filed under the Madrid Protocol (Section 66(a)) **CANNOT** currently be filed via TEAS.

To respond formally via regular mail, your response should be sent to the mailing Return Address listed above and include the serial number, law office and examining attorney's name on the upper right corner of each page of your response.

To check the status of your application at any time, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at **http://tarr.uspto.gov/**

For general and other useful information about trademarks, you are encouraged to visit the Office's web site at **http://www.uspto.gov/main/trademarks.htm**

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY.**

**Print: Dec 17, 2004**            **73612180**

## DESIGN MARK

**Serial Number**
73612180

**Status**
SECTION 8 & 15-ACCEPTED AND ACKNOWLEDGED

**Word Mark**
IM

**Standard Character Mark**
No

**Registration Number**
1447228

**Date Registered**
1987/07/14

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM

**Owner**
INMAGIC, INC. CORPORATION DELAWARE 2067 MASSACHUSETTS AVENUE CAMBRIDGE
MASSACHUSETTS 02140

**Goods/Services**
Class Status -- ACTIVE. IC 009. US 038. G & S: TEXT-ORIENTED DATA
BASE COMPUTER PROGRAMS AND INSTRUCTION MANUALS ALL SOLD AS A UNIT.
First Use: 1984/02/00. First Use In Commerce: 1984/03/08.

**Lining/Stippling Statement**
THE LINING IN THE DRAWING IS A FEATURE OF THE MARK AND REPRESENTS THE
COLOR RED, BLACK AND WHITE.

**Filing Date**
1986/07/31

**Examining Attorney**
TINGLEY JOHN C

**Attorney of Record**
SCOTT M. SOLOWAY

-1-



**Print: Dec 17, 2004**                    **73704178**

**TYPED DRAWING**

**Serial Number**
73704178

**Status**
SECTION 8 & 15-ACCEPTED AND ACKNOWLEDGED

**Word Mark**
IAM

**Standard Character Mark**
No

**Registration Number**
1515212

**Date Registered**
1988/12/06

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(1) TYPED DRAWING

**Owner**
INNOVATION DATA PROCESSING, INC. CORPORATION NEW JERSEY 275 PATERSON
AVENUE LITTLE FALLS NEW JERSEY 07424

**Goods/Services**
Class Status -- ACTIVE.  IC 009.  US  038.  G & S: COMPUTER OPERATING
SOFTWARE PROGRAMS, NAMELY, PRERECORDED COMPUTER PROGRAMS RECORDED ON
MODULES.  First Use: 1973/04/30.  First Use In Commerce: 1973/04/30.

**Filing Date**
1988/01/04

**Examining Attorney**
HINES PATRICK

**Attorney of Record**
ARTHUR O. KLEIN

**Print: Dec 17, 2004**                    **75105004**

## DESIGN MARK

**Serial Number**
75105004

**Status**
SECTION 8 & 15-ACCEPTED AND ACKNOWLEDGED

**Word Mark**
IM

**Standard Character Mark**
No

**Registration Number**
2085654

**Date Registered**
1997/08/05

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(3) DESIGN PLUS WORDS, LETTERS AND/OR NUMBERS

**Owner**
On Target Marketing DBA Image Masters CORPORATION CALIFORNIA 429
Grogan Avenue Merced CALIFORNIA 95304

**Goods/Services**
Class Status -- ACTIVE.  IC 035.  US  100 101 102.  G & S: developing
promotional products and campaigns for business.  First Use:
1996/05/01.  First Use In Commerce: 1996/05/01.

**Goods/Services**
Class Status -- ACTIVE.  IC 042.  US  100 101.  G & S: printing and
graphic art design.  First Use: 1996/05/01.  First Use In Commerce:
1996/05/01.

**Goods/Services**
Class Status -- ACTIVE.  IC 040.  US  100 103 106.  G & S: embroidery
services.  First Use: 1996/05/01.  First Use In Commerce: 1996/05/01.

**Lining/Stippling Statement**
The stipling shown in the drawing is for shading purposes only and
does not indicate color.

-1-

**Print: Dec 17, 2004**                    **75105004**

**Filing Date**
1996/05/16

**Examining Attorney**
PERRY, KIMBERLY

**Attorney of Record**
ROBERT B. CHICKERING



**Print: Dec 17, 2004**                    **75543247**

## DESIGN MARK

**Serial Number**
75543247

**Status**
REGISTERED

**Word Mark**
IM

**Standard Character Mark**
No

**Registration Number**
2328297

**Date Registered**
2000/03/14

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(3) DESIGN PLUS WORDS, LETTERS AND/OR NUMBERS

**Owner**
INTERMARK CORPORATION CORPORATION GEORGIA 1000 Holcomb Woods Parkway,
Suite 426 Roswell GEORGIA 300762585

**Goods/Services**
Class Status -- ACTIVE.  IC 035.  US  100 101 102.  G & S: PROVIDING
INTERACTIVE MARKETING SERVICES FOR OTHERS BY PREPARING AND PLACING
INTERACTIVE ADVERTISING IN THE NATURE OF QUIZ COMPETITIONS, CONTESTS,
GAME SHOWS AND INCENTIVE PROGRAMS DIRECTED TO CLIENTS' CUSTOMERS AND
TO CLIENTS' EMPLOYEES ON A GLOBAL COMMUNICATIONS NETWORK, AND ON
INTERACTIVE TELEVISION.  First Use: 1998/03/03.  First Use In
Commerce: 1998/03/03.

**Filing Date**
1998/08/27

**Examining Attorney**
WINTER, ELIZABETH J.

**Attorney of Record**
THOMAS J MILLER

-1-



**Print: Dec 17, 2004**                               **75743979**

**TYPED DRAWING**

**Serial Number**
75743979

**Status**
REGISTERED

**Word Mark**
"IM"

**Standard Character Mark**
No

**Registration Number**
2646222

**Date Registered**
2002/11/05

**Type of Mark**
TRADEMARK; SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(1) TYPED DRAWING

**Owner**
SonicBox, Inc. CORPORATION CALIFORNIA 2326 Jewell Place Mountain View
CALIFORNIA 94043

**Goods/Services**
Class Status -- ACTIVE.  IC 038.  US  100 101 104.  G & S: Radio
transmission routing services conducted via a website on a global
computer network.  First Use: 1999/09/00.  First Use In Commerce:
1999/09/00.

**Goods/Services**
Class Status -- ACTIVE.  IC 009.  US  021 023 026 036 038.  G & S:
COMPUTER PERIPHERALS FOR COMPUTERS WITH ACCESS TO GLOBAL COMPUTER
NETWORK, RADIO RECEIVERS, COMPUTER SOFTWARE FOR CONNECTING GLOBAL
COMPUTER NETWORKS, AND COMPUTER SOFTWARE FOR CONNECTING COMPUTER
NETWORK USERS.  First Use: 1999/09/00.  First Use In Commerce:
2000/07/05.

**Filing Date**
1999/07/06

**Examining Attorney**

**Print: Dec 17, 2004**                    **75743979**

SPRUILL, DARRYL

**Attorney of Record**
K. David Crockett

**Print: Dec 17, 2004**                    **75806044**

**DESIGN MARK**

**Serial Number**
75806044

**Status**
REGISTERED

**Word Mark**
I AM...

**Standard Character Mark**
No

**Registration Number**
2458499

**Date Registered**
2001/06/05

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(1) TYPED DRAWING

**Owner**
Seltzer Kaufmann Marketing, Inc. CORPORATION MICHIGAN 6431 Inskter
Road, Suite 118 Bloomfield Hills MICHIGAN 48304

**Goods/Services**
Class Status -- ACTIVE. IC 035. US 100 101 102. G & S: ADVERTISING
AND PROMOTING THE GOODS AND SERVICES OF OTHERS THROUGH THE
DISTRIBUTION OF PRINTED PROMOTIONAL MATERIALS. First Use: 2000/02/00.
First Use In Commerce: 2000/02/00.

**Filing Date**
1999/09/22

**Examining Attorney**
BELENKER, ESTHER

**Attorney of Record**
Michael D. Fishman

I AM...

**Print: Dec 17, 2004**                          **76508358**

**DESIGN MARK**

**Serial Number**
76508358

**Status**
REGISTERED

**Word Mark**
I-AM

**Standard Character Mark**
No

**Registration Number**
2894498

**Date Registered**
2004/10/19

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(1) TYPED DRAWING

**Owner**
Edinburgh Petroleum Services Limited COMPANY UNITED KINGDOM Riccarton,
Edinburgh EH14 4AP UNITED KINGDOM

**Goods/Services**
Class Status -- ACTIVE.  IC 009.  US  021 023 026 036 038.  G & S:
computer software and computers for use in the petroleum and natural
gas industries; computer software and computers for use in the
monitoring of oil and gas wells, pipelines and processing facilities
and in the modeling and optimization of operating conditions in the
same; monitors and sensors for use in the petroleum and natural gas
industries.

**Foreign Country Name**
UNITED KINGDOM

**Foreign Registration Number**
2278009

**Foreign Registration Date**
2002/11/01

**Print: Dec 17, 2004**                    **76508358**

**Foreign Expiration Date**
2011/08/15

**Filing Date**
2003/04/21

**Examining Attorney**
SALEMI, DOMINICK

**Attorney of Record**
George A. Smith, Jr.

I-AM

**Print: Dec 17, 2004**                    **78008725**

## DESIGN MARK

**Serial Number**
78008725

**Status**
NOTICE OF ALLOWANCE - ISSUED

**Word Mark**
IM

**Standard Character Mark**
No

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(3) DESIGN PLUS WORDS, LETTERS AND/OR NUMBERS

**Owner**
Sonicbox, Inc. CORPORATION CALIFORNIA 241 Polaris Ave. Mountain View
CALIFORNIA 94043

**Goods/Services**
Class Status -- ACTIVE.  IC 009.  US  021 023 026 036 038.  G & S:
Computer peripherals for computers with access to global computer
networks; receivers for receiving and playing audiovisual information
from the global computer networks; computer software for allowing
users and computers to access and transmit audiovisual information via
a global computer network.  First Use: 1999/09/00.  First Use In
Commerce: 2000/07/05.

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "IM" APART FROM THE
MARK AS SHOWN.

**Description of Mark**
The mark consists, in part, of the letters "IM" and, a triangle
resting in the two jagged strokes of the letter "M".  The color and/or
shading of the triangle are different from the color or shading of the
letters "IM".

**Colors Claimed**
The color(s) RED is/are claimed as a feature of the mark.

**Filing Date**
2000/05/18

-1-

**Print: Dec 17, 2004**                    **78008725**

**Examining Attorney**
BALDWIN, SCOTT

**Attorney of Record**
Susan L. Crockett



Print: Dec 17, 2004                    78097778

**DESIGN MARK**

**Serial Number**
78097778

**Status**
REGISTERED

**Word Mark**
IM

**Standard Character Mark**
No

**Registration Number**
2764153

**Date Registered**
2003/09/16

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(3) DESIGN PLUS WORDS, LETTERS AND/OR NUMBERS

**Owner**
Jordan, Paul, D INDIVIDUAL UNITED STATES 9944 Daines Drive Temple
City, CA 91780 Temple City CALIFORNIA 91780

**Goods/Services**
Class Status -- ACTIVE.  IC 009.  US  021 023 026 036 038.  G & S:
Computer software for designing images, playing images, and video.
First Use: 2001/08/12.  First Use In Commerce: 2001/10/23.

**Filing Date**
2001/12/11

**Examining Attorney**
SOMERVILLE, ARETHA



**Print: Dec 17, 2004**                                    **78350901**

**DESIGN MARK**

**Serial Number**
78350901

**Status**
NON-FINAL ACTION - MAILED

**Word Mark**
IM

**Standard Character Mark**
No

**Type of Mark**
TRADEMARK; SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(3) DESIGN PLUS WORDS, LETTERS AND/OR NUMBERS

**Owner**
MuniFinancial CORPORATION CALIFORNIA 27368 Via Industria, Suite 110
Temecula CALIFORNIA 92590

**Goods/Services**
Class Status -- ACTIVE.  IC 009.  US  021 023 026 036 038.  G & S:
Computer software for creating indexes of information; computer
software for searching, compiling, indexing and organizing information
within a database.  First Use: 2002/01/08.  First Use In Commerce:
2002/01/08.

**Goods/Services**
Class Status -- ACTIVE.  IC 042.  US  100 101.  G & S: Computer
services, namely providing software interfaces available over a
network in order to create personalized online information services;
extraction and retrieval of information and data mining by means of
privately accessed global computer networks; creating indexes of
information in connection with global computer networks; providing
information from searchable indexes and databases of information.
First Use: 2002/01/08.  First Use In Commerce: 2002/01/08.

**Description of Mark**
The mark consists of the stylized combination of the letters "im"
enclosed in a box.  The letters are white.  The top half of the box is
grey.  The bottom half of the box is black.  However, color is not a
feature of this mark..

**Filing Date**

**Print: Dec 17, 2004**                    **78350901**

2004/01/12

**Examining Attorney**
DWYER, JOHN

**Attorney of Record**
Robert L. Lavoie

