Justin L. Allamano, State Bar No. 229764
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II
121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone: 415.356.4600
Fax No.: 415.356.4610
jallamano@luce.com

Attorneys for Plaintiff Instant Media, Inc.

Suzanne V. Wilson, State Bar No. 152399
Charles C. Cavanagh, State Bar No. 198468
Elizabeth G. Frank, State Bar No. 245676
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: 213.243.4000
Fax No.: 213.243.4199
suzanne_wilson@aporter.com
charles_cavanagh@aporter.com
elizabeth_frank@aporter.com

Attorneys for Defendant Microsoft Corporation

SEE ATTACHED LIST OF ADDITIONAL COUNSEL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

INSTANT MEDIA, INC.,

Plaintiff,

v.

MICROSOFT CORPORATION,

Defendant.

Case No. C 07-02639 SBA (MEJ)

**PLAINTIFF INSTANT MEDIA'S AND DEFENDANT MICROSOFT CORPORATION'S JOINT CASE MANAGEMENT STATEMENT AND REPORT OF CONFERENCE PURSUANT TO RULE 26(f) AND PROPOSED DISCOVERY PLAN**

Case Management Conference: Sept. 6, 2007
Time: 3:30 p.m.
Telephonic Conference
Ctrm.: 3

The Honorable Saundra Brown Armstrong, District Judge

**ADDITIONAL COUNSEL**

Mitchell P. Brook, State Bar No. 172105
Michael H. Bierman, State Bar No. 89156
Jeffrey D. Wexler, State Bar No. 132256
Andrea M. Kimball, State Bar No. 196485
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Del Mar Gateway, 11988 El Camino Real, Suite 200
San Diego, California 92130-2594
Telephone No.: 858.720.6300
Fax No.: 858.720.6306
E-Mail: mbrook@luce.com
mbierman@luce.com
jwexler@luce.com
akimball@luce.com
mmancuso@luce.com

Attorneys for Plaintiff

Catherine R. Rowland (Pro Hac Vice)
555 Twelfth Street, N.W.
Washington, D.C. 20004
Telephone: 202.942.5000
Fax No.: 202.942.5999
catherine_Rowland@aporter.com

Attorneys for Defendant

**JOINT CASE MANAGEMENT STATEMENT**

Pursuant to the Court's May 17, 2007 Order Setting Initial Case Management Conference and ADR Deadlines [Docket 3], the Standing Order for All Judges of the Northern District re Contents of Joint Case Management Statement, and Civil Local Rule 16-9, plaintiff Instant Media, Inc. ("Instant Media") and defendant Microsoft Corporation ("Microsoft") hereby submit the following Joint Case Management Statement and Joint Rule 26(f) Report. The parties held their Rule 26(f) conference via telephone on August 1, 2007, and agree on the following matters, except where specifically indicated.

1. Jurisdiction and Service: The Court has federal question jurisdiction over Instant Media's Lanham Act claims under 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a), and has supplemental jurisdiction over Instant Media's state law claims under 28 U.S.C. §§ 1338(b) and 1367(a). There are no issues relating to service or jurisdiction.

2. (a) Instant Media's Statement of Facts: Instant Media holds a federal registration for the **I'M** word mark and has a number of approved trademark applications for marks including the trademark **I'M**. Instant Media holds common law rights to marks including the term **I'M**. Instant Media's products include software that consumers download from the Internet to facilitate content delivery via two-way communications over the Internet. In March 2007, Microsoft began to use the designation I'M to designate an Internet marketing campaign that may be participated in by users of its instant message program, Windows Live Messenger. The consumers of Microsoft's products or services include young and/or less sophisticated consumers.

Instant Media's Complaint alleges six claims for relief against Microsoft: (1) federal trademark infringement (15 U.S.C. § 1114(1)); (2) federal unfair competition and false designation of origin (15 U.S.C. § 1125(a)); (3) California trademark infringement and unfair competition (Cal. Bus. & Prof. Code §§ 17200 *et seq.* and 17500 *et seq.*); (4) common law trademark infringement and unfair competition; (5) unjust enrichment; and (6) misappropriation. Instant Media intends to pursue all six claims for relief at trial, including a claim for direct trademark infringement as alleged in the Complaint. Instant Media contends that Microsoft's use of **I'M** on the Internet is a direct infringement of Instant Media's federally registered **I'M** mark in

International Class 35 (advertising), as well as its common law **I'M** marks . Instant Media also intends to pursue its claim for infringement under the doctrine of reverse confusion. Instant Media intends to prove at trial that, *inter alia*: (1) Microsoft is using its **I'M** mark in a manner identical to that in which Instant Media uses its **I'M** mark because, among other things, Microsoft often uses the **I'M** mark independent from a logo; and (2) Microsoft has already expanded use of the **I'M** mark outside of its purported "i'm" marketing initiative and, specifically, Microsoft has used the **I'M** mark in connection with its Windows Live Messenger product. Instant Media contends that not only does Microsoft's use of the **I'M** trademark directly infringes its rights, but Microsoft's manner of advertising "**I'M** plus a modifier" constitutes unfair competition.

(b) Microsoft's Statement of Facts: Instant Media holds a federal trademark registration for the word mark "**I'M**" in International Class 35. Instant Media also has a pending application for registration of the word mark "**I'M**" in Class 9 and a pending "intent-to-use" application for registration of a design mark for "**I'M**" in Class 35. In its filings with the United States Patent and Trademark Office ("PTO"), Instant Media has declared that it first used its "**I'M**" mark in commerce on December 19, 2005.

Instant Media has also filed with the PTO "intent-to-use" applications for the word marks "**I'M CACHED**" in International Class 9, "**I'M INTERESTED**" in International Classes 35 and 38 and "**I'M INTERACTIVE**" in International Class 35. Instant Media has not filed a statement of use for any of these marks. Microsoft disputes that Instant Media has common law rights in these purported trademarks.

Instant Media uses its "**I'M**" mark in connection with its Internet TV and media player software. Instant Media's **I'M** player consists of downloadable software that enables users to view selected high definition video files distributed through the player by Instant Media and its content-provider business partners. Users of Instant Media's **I'M** player cannot engage in instant messaging with other uses, and the player is not designed to support peer-to-peer file sharing. Microsoft disputes Instant Media's allegation that its player is used, in part, to facilitate content delivery via two-way communications over the Internet.

Microsoft filed with the PTO three "intent-to-use" applications for its "**i'm**" mark, but is currently pursuing only one of those applications -- the application filed in International Class 36 for an online philanthropic marketing campaign. Notice of publication of that application was given by the PTO on August 8, 2007.

Microsoft's "**i'm**" initiative is a philanthropic marketing program available only to users of Microsoft's Windows Live Messenger 8.1 ("WLM") instant messaging software. Under the initiative, Microsoft will donate a portion of the advertising revenue generated by participating WLM users to ten social cause organizations. Participating WLM users designate which of the ten social cause organizations they wish to benefit from their instant messaging. The organizations are credited each time a participating WLM user who has designated them sends an instant message. At the end of the year, Microsoft will determine each organization's share of the instant messaging advertising revenue designated for the initiative and will accordingly apportion the amounts among the social cause organizations. Microsoft has not put a cap on the amount that it will donate through the end of the year, and it has pledged to donate at least $100,000 to each of the ten organizations. Although Microsoft officially launched the "**i'm**" initiative on March 1, 2007, news of the initiative became known to the public earlier in the year.

The "**i'm**" initiative is free, voluntary and does not require the user to download any additional software. The "**i'm**" initiative is designed to motivate socially responsible instant messaging users to use Microsoft's WLM service as their instant messaging service, since it is the only instant messaging service that has a philanthropic program attached to it. Thus, the target audience for Microsoft's "**i'm**" initiative is socially responsible people who use instant messaging and will be attracted to WLM because their instant messaging will result in contributions being made to the participating social cause organizations. Although Microsoft does not track the number of WLM users who have chosen to participate in the "**i'm**" initiative, Microsoft believes that the initiative has been very popular with its target audience of socially responsible instant messaging users. In order to join the "**i'm**" initiative, a WLM user must take several affirmative steps, including the selection of the participating organization that he or she supports.

3. (a) Instant Media's Statement of Legal Issues: As set forth above, Instant Media's

claims sound in trademark infringement, unfair competition, unjust enrichment, and misappropriation. Instant Media's claims for trademark infringement and unfair competition can be analyzed under a likelihood of confusion standard. Instant Media intends to prove, among other things, that its registration of the **I'M** word mark, and the corresponding enforcement rights, are not restricted to a particular font or usage.

(b) Microsoft's Statement of Legal Issues: Microsoft contends that it is inconsistent for the holder of a trademark to pursue claims based on theories of both forward and reverse trademark confusion simultaneously against the same party with respect to the same mark. Microsoft contends that, through statements that it made in connection with its motion for a preliminary injunction, Instant Media elected to pursue its claims under the doctrine of reverse trademark confusion. Regardless of whether Instant Media's claims are analyzed under the theory of reverse trademark confusion or forward trademark confusion, however, Microsoft contends that Instant Media cannot prove the essential elements of its claims, including, without limitation, that there is a likelihood of confusion or reverse confusion with respect to the parties' marks. Regardless of whether Instant Media's claims are analyzed under the theory of reverse trademark confusion or the theory of forward trademark confusion, likelihood of confusion is to be assessed based upon how the parties' marks are used and appear in commerce. Microsoft intends to show that the evidence does not support Instant Media's trademark infringement and related claims.

4. Motions: Plaintiff Instant Media filed a motion for a preliminary injunction on June 12, 2007 [Docket 8]. On August 13, 2007, the Court issued an order denying the motion for preliminary injunction [Docket 57]. No other motions are pending. The parties have jointly filed a proposed protective order that the Court has not yet approved. Both parties anticipate filing motions for summary judgment or partial summary judgment on Instant Media's claims. The parties also anticipate filing motions *in limine*.

5. Amendment of Pleadings: Although the parties do not currently anticipate that they will amend the pleadings, they reserve the right to seek leave to amend as appropriate. The parties propose that any motion to amend the pleadings be filed and served in time for them to be noticed for hearing no later than November 27, 2007.

6. Evidence Preservation: The parties are taking, and will continue to take, all reasonable steps to preserve any information relevant to the issues reasonably at issue in this lawsuit.

7. Disclosures: The parties do not seek any changes in the timing, form, or requirements for initial disclosures under Fed. R. Civ. P. 26(a)(1) and anticipate that they will provide initial disclosures by the August 15, 2007 deadline set by the Court in its May 17, 2007 Order Setting Initial Case Management Conference and ADR Deadlines [Docket 3].

8. Discovery: No discovery has been conducted to date. The parties agree that discovery is needed on all of the claims for relief alleged in Instant Media's Complaint and all affirmative defenses alleged in Microsoft's Answer. The parties do not seek to conduct discovery in phases, except with regard to percipient discovery and expert discovery. The parties envision they will complete fact discovery in the next six months. At this time, the parties do not propose any limitations or modifications of the discovery rules. The parties agree that discovery should be conducted in accordance with the Federal Rules of Civil Procedure and with this District's Local Rules. The parties submit a proposed discovery plan *infra* at page 8.

Additionally, the parties have agreed to produce electronically stored information in .pdf or .tif format. The parties reserve the right to request production of electronically stored information in native or other format, if they reasonably believe that there is a specific need that cannot otherwise be met to have the information produced in such a manner in a particular instance.

On June 28, 2007, the parties lodged with this Court a [Proposed] Stipulated Protective Order Regarding Confidential Information [Docket 24]. To the parties' knowledge, the Court has not yet entered the parties' proposed Protective Order.

The parties have agreed on a procedure for the handling of privileged materials pursuant to which the parties shall list on a privilege log any document being redacted or withheld on the basis of privilege. The parties also agree that their privilege logs need not identify the following documents prepared after the filing of the Complaint: (1) correspondence exchanged between attorneys and clients; or (2) the work product of outside counsel, not disclosed to a third party. The parties have agreed to handle issues relating to privilege claims arising after production

according to applicable law and therefore do not ask the Court to include any such agreement in an order.

9. Class Action: This matter is not a class action.

10. Related Cases: There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief: Instant Media's request for preliminary injunctive relief has been denied. Instant Media continues to seek permanent injunctive relief, Microsoft's profits, Instant Media's damages, attorneys' fees and costs. Instant Media contends that, pending discovery, it is unable to quantify either Microsoft's profits or its damages. Microsoft seeks a finding of no infringement, judgment in its favor and an award of its attorneys' fees and costs.

12. Settlement and ADR: The parties have complied with ADR Local Rule 3-5. On August 1, 2007, the parties filed a Joint ADR Certification with Stipulation to ADR Process, asking the Court to authorize an Early Neutral Evaluation ("ENE"). The parties have not engaged in any formal ADR procedures to date, although they have engaged in informal settlement discussions.

13. Consent to Magistrate Judge for All Purposes: The parties respectfully decline to consent to a Magistrate Judge for all purposes.

14. Other References: Not applicable.

15. Narrowing of Issues: The parties believe that it is too early in the case to identify issues that can be narrowed by agreement or by motion, or to make suggestions to expedite the presentation of evidence at trial. The parties agree to work together to narrow issues for trial as the case progresses. The parties do not currently believe that it will be necessary to bifurcate any issues, claims, or defenses, but reserve the right to seek bifurcation at a later date.

16. Expedited Schedule: At this time, the parties are not suggesting an expedited schedule.

17. Scheduling: The parties propose the following pretrial schedule, based on a proposed trial date of July 29, 2008.

| | |
|---|---|
| Deadline to Amend the Pleadings: | November 27, 2007 |
| Fact Discovery Cut-Off: | January 25, 2008 |
| Deadline for Filing Motions to Compel Fact Discovery: | February 5, 2008 |
| Initial Expert Disclosure and Report Cut-Off: | February 1, 2008 |
| Rebuttal Expert Disclosure and Reports Cut-Off: | March 1, 2008 |
| Expert Discovery Cut-Off: | March 24, 2008 |
| Deadline for Filing Motions to Compel Expert Discovery: | April 1, 2008 |
| Dispositive Motion/Summary Judgment Filing Motion Cut-Off: | April 15, 2008 |
| Motions In Limine Filing Cut-Off: | June 24, 2008 |
| Motions In Limine Response Cut-Off: | July 8, 2008 |
| Pre-Trial Conference | July 15, 2008 |
| Trial | July 29, 2008 |

18. Trial: Instant Media has demanded trial by jury. The parties estimate trial between 5 and 10 court days. Instant Media's trial counsel is not available on certain dates and respectfully ask that trial not be set on the following dates: May 20-June 6, 2008. Microsoft's trial counsel and Microsoft's in-house legal personnel assigned to this matter are not available on certain dates due to conflicting trial schedules in other matters and respectfully ask that trial not be set on the following dates: The week of May 19, 2008 and June 1 through 30, 2008.

19. Disclosure of Non-Party Interested Entities or Persons: The parties have filed their Certification of Interested Entities or Persons required by Civil Local Rule 3-16.

Both Instant Media and Microsoft reported that the named parties are the only persons, firms, partnerships, corporations (including parent corporations), or other entities known by them to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Other Matters: The parties are not currently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter. Other than as described above, the parties do not currently ask the Court to enter any orders pursuant to Fed. R. Civ. P.

16(b), 16(c) or 26(c).

**REPORT OF RULE 26(f) CONFERENCE**

Pursuant to Fed. R. Civ. P. 26(f), counsel for the parties held a telephone conference on August 1, 2007. The parties hereby submit the following brief Report pursuant to Rule 26(f) and the Court's May 17, 2007 Order Setting Initial Case Management Conference and ADR Deadlines [Docket 3]. (Because the Standing Order and Rule 26(f) require the parties to provide overlapping information, for the Court's convenience the parties have provided the information set forth in this Part in the Joint Case Management Statement above, as well as in this separate report.)

**A. Initial Disclosures**

In the Court's May 17, 2007 Order Setting Initial Case Management Conference and ADR Deadlines [Docket 3], the Court ordered that initial disclosures be made on or before August 15, 2007. The parties have agreed to complete initial disclosures by that date. The parties do not seek any changes in the timing, form, or requirements for initial disclosures.

**B. Discovery Subjects and Schedule**

The parties agree that discovery is needed on all of the claims for relief alleged in Instant Media's Complaint and all affirmative defenses alleged in Microsoft's Answer. The parties do not seek to conduct discovery in phases. The parties envision they will complete discovery in the next four to six months. The parties agree that discovery should be conducted in accordance with the Federal Rule of Civil Procedure and this District's local rules.

**C. Electronic Discovery**

The parties have agreed to produce electronically stored information in .pdf or .tif format. The parties reserve the right to request production of electronically stored information in native or other format, if they reasonably believe that there is a specific need that cannot otherwise be met to have the information produced in such a manner in a particular instance.

**D. Claims of Privilege and Protective Order**

On June 28, 2007, the parties lodged with the Court a [Proposed] Stipulated Protective Order Regarding Confidential Information [Docket 24]. To the parties' knowledge, the Court has not yet entered the parties' proposed Protective Order.

The parties have agreed on a procedure for the handling of privileged materials pursuant to which the parties shall list on a privilege log any document being redacted or withheld on the basis of privilege. The parties also agree that their privilege logs need not identify the following documents prepared after the filing of the Complaint: (1) correspondence exchanged between attorneys and clients; or (2) the work product of outside counsel, not disclosed to a third party. The parties have agreed to handle issues relating to privilege claims arising after production according to applicable law and therefore do not ask the Court to include any such agreement in an order.

**E. Requested Changes or Limitations on Discovery**

At this time, neither party anticipates it will need to take more than ten (10) depositions, but both parties reserve their right to seek leave of court should the facts indicate additional depositions are necessary.

The parties agree that discovery should otherwise be conducted in accordance with the Federal Rules of Civil Procedure and this District's Local Rules.

**F. Other Orders**

The parties do not currently ask the Court to enter any other orders under Fed. R. Civ. P. 26(c), 16(b), or 16(c).

DATED: August 15, 2007

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: /s/ Jeffrey D. Wexler
Attorneys for Plaintiff Instant Media, Inc.

DATED: August 15, 2007

ARNOLD & PORTER LLP

By: /s/ Suzanne V. Wilson
Attorneys for Defendant Microsoft Corporation

201005240.1